## A. G. M. WORKERS' ASS'N v. NATIONAL LABOR RELATIONS BOARD.

### No. 7479.

Circuit Court of Appeals, Seventh Circuit.

Dec. 20, 1940.

A. L. Hougen, C. E. Brady, and Frank Murphy, all of Manitowoc, Wis., for petitioner.

Robert B. Watts, Gen. Counsel, National Labor Relations Board, of Washington, D. C., for respondent.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

PER CURIAM.

The Labor Board has filed a special appearance in order to move to dismiss the petitioner's petition to review and set aside an order of the Board, of August 8, 1940, dismissing the petition for certification in a representation proceeding. The basis of the Board's motion is that a Circuit Court of Appeals has no jurisdiction to review an order of this nature (citing American Federation of Labor v. Labor Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347; National Labor Relations Board v. International Brotherhood of Elec. Workers, 308 U.S. 413, 60 S.Ct. 306, 84 L.Ed. 354; Labor Board v. Falk Corp., 308 U.S. 453, 60 S.Ct. 307, 84 L.Ed. 396).

According to the facts set forth in the Board's petition to dismiss, the A. G. M. Workers' Ass'n had filed, in July, 1938, a document with the Board, entitled, "Petition for Investigation and Certification of Representatives Pursuant to Section (9) (c) of the National Labor Relations Act," 29 U.S.C.A. § 159(c), * * "*in which petitioner claimed that it represented a majority of the employees of Aluminum Goods Manufacturing Co.* in an appropriate unit, and asked the Board to certify petitioner to be the exclusive collective bargaining representative of such employees." In the following month, another union filed charges with the Board alleging unfair practices on the part of the Aluminum Company. The Board issued its charges in the latter matter on August 12, 1938, and a date set for hearing. Instant petitioner asked leave to be permitted to intervene in the proceeding on the unfair labor practices, and also asked that its certification proceeding be consolidated therewith, but both motions were denied.

The petitioner seeks to differentiate the Supreme Court decisions above cited on the ground that they were appeals from orders of certification, whereas in the instant case there was a *dismissal* by the Board of the petition for certification, and a denial of any hearing.

Our conclusion is that the petitioner's redress is not on appeal to the Circuit Court of Appeals from a decision of the

Board dismissing a petition for an order of certification. If the Circuit Court of Appeals is granted no appellate jurisdiction of orders determining matters of certification and representation for collective bargaining purposes, there logically would seem to be no jurisdiction *to correct a refusal* by the Board to even hear the case, let alone decide it.

It is true, this leaves petitioner in a most unfortunate and unhappy position. He is, by the order of the Board, denied the right to a hearing, on whether his union is the choice of the employees as their bargaining agent. Yet he is bound by a decision in a case to which he is not a party, and in which he was denied leave to intervene. This is on the theory, apparently, that the controversy is one to which he is, not a necessary party, and that the real controversy is between the employer and the union, to which controversy the vitally interested employees are mere strangers. The Supreme Court has removed all doubt from the question and left us with no discretion when it said in American Federation of Labor v. Labor Board, 308 U.S. 401, 411, 60 S.Ct. 300, 305, 84 L.Ed. 347: "It seems to be thought that this failure to provide for a court review is productive of peculiar hardships, which were perhaps not foreseen in cases where the interests of rival unions are affected. But these are arguments to be addressed to Congress and not the courts."

The motion to dismiss is granted. The appeal is hereby dismissed.