Elliott W. Evans, of Bingham Canyon, Utah, for Independent Association of Mine Workers.

Willard Y. Morris, of Denver, Colo., for National Labor Relations Board.

Before PHILLIPS, HUXMAN, and WILLIAMS, Circuit Judges.

**PER CURIAM.**

On February 20, 1943, National Labor Relations Board entered an order "In the Matter of the Utah Copper Company, a corporation, and Kennecott Copper Corporation, a corporation, and International Union of Mine, Mill and Smelter Workers, C. I. O.", case No. C–2354, and "In the Matter of Utah Copper Company, a corporation, and The Independent Association of Mine Workers," case No. C–2355, directing the Utah Copper Company and the Kennecott Copper Corporation to withdraw all recognition from and completely disestablish The Independent Association of Mine Workers.[1]

On the 1st day of April, 1943, the Copper Companies filed a petition in this court to review such order. In its answer the Board sought enforcement of the order.

On May 19, 1943, In the matter of Utah Copper Company and Kennecott Copper Corporation, and International Association of Machinists, Lodge No. 568, District 114, No. R–2719, the Board rendered a direction of election, ordering that an election be held by the employees of the Utah Copper Company at Bingham Canyon, Utah, not later than thirty days from May 19, 1943, and making no provision for the Association to be placed on the ballot.

---

## UTAH COPPER CO. et al. v. NATIONAL LABOR RELATIONS BOARD.

### No. 2722.

Circuit Court of Appeals, Tenth Circuit.

June 17, 1943.

---

[1] Hereinafter called the Association.

The Association was permitted to intervene in the representation proceeding and participate in hearings before the trial examiner in 1941. After the order of disestablishment was entered by the Board, it denied the Association the right to further participate in the representation proceeding.

■ The Association contends that the foregoing actions of the Board constitute an enforcement of its order of February 20, 1943. The order of February 20, 1943, is not self-executing. It is inoperative unless and until the appropriate court orders its enforcement. National Labor Relations Board v. Ford Motor Company, 5 Cir., 119 F.2d 326, 329; Magnolia Petroleum Company v. National Labor Relations Board, 5 Cir., 112 F.2d 545; E. I. Dupont De Nemours & Co. v. Boland, 2 Cir., 85 F.2d 12, 15.

■ A stay could only operate on future actions of the Board. The only action threatened is in the representation proceeding. This court cannot review an order directing an election nor a certification of the bargaining representative. There can be no court review under section 10(f), National Labor Relations Act, 29 U.S.C.A. § 160(f), until the Board issues an order and requires the employer to do something predicated upon the result of an election. National Labor Relations Board v. Falk Corporation, 308 U.S. 453, 459, 60 S.Ct. 307, 84 L.Ed. 396; American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 405–409, 60 S.Ct. 300, 84 L.Ed. 347. What we cannot do directly, we should not do indirectly.

The motion is denied.