### INLAND CONTAINER CORPORATION v. NATIONAL LABOR RELATIONS BOARD.

No. 9515.

Circuit Court of Appeals, Sixth Circuit.

Aug. 31, 1943.

Kurt F. Pantzer, of Indianapolis, Ind., and Elliott D. Levey, of Middletown, Ohio, for petitioner.

Ernest A. Gross, of Washington, D. C., and Philip G. Phillips, of Cincinnati, Ohio, for respondent.

Before HICKS, MARTIN and McALLISTER, Circuit Judges.

HICKS, Circuit Judge.

The Inland Container Corporation, hereinafter referred to as the Company, by petition seeks leave to adduce certain evidence excluded by the Trial Examiner of the National Labor Relations Board at the hearing before him in a proceeding concerning representation of the Company's

employees at its Middletown, Ohio, plant; and that the entire record of said proceedings be ordered to be certified to this Court.

The proceedings were held pursuant to petition for investigation and certification of representatives, filed by the United Paper Novelty & Toy Workers International Union, affiliated with the C. I. O. and hereinafter called the Union, following notification by it to the Company on October 28, 1942, that it represented a majority of the Middletown plant employees, and following rejection by the Company of its request for recognition as collective bargaining agent for the plant's employees. At the hearing before the Examiner, both the Company and International Pulp, Sulphite and Paper Mill Workers Local 317, affiliated with the A. F. of L., participated and each set up as a bar to the proceedings a three-year collective bargaining contract which they had entered into on January 13, 1942, and which had been adjusted as to wages by a supplemental agreement on June 1, 1942, for the period from June 1, 1942, to December 14, 1943.

At the hearing the Company sought to prove that, when the supplemental agreement was signed, Local 317 represented a majority of its employees; and it applied for subpoenas duces tecum directed to Keith Wentz, general representative of Local 317, to produce membership cards and minutes of meetings of officers and members. The application was denied by the Examiner for want of materiality.

At the hearing, also, a statement by a Field Examiner of the Labor Board was introduced in evidence to the effect that the Union had submitted 134 application cards, and that of the names appearing thereon, 109 were listed on the Company's pay roll of 190 as of December 16, 1942. The Company challenged the genuineness of these signatures and applied to the Examiner for subpoenas duces tecum directed to Logan Goff, organizer of the Union, to obtain the application cards and minutes of meetings of the officers and members of the Union. The Company claimed to be in a position to compare the signatures on the cards with indorsements of the corresponding persons on cancelled pay roll checks. This application was likewise denied by the Examiner on the ground of immateriality.

A motion by the Company to dismiss the petition for certification was taken under advisement by the Examiner.

Following review of the proceedings before the Examiner, the Board on February 23, 1943, directed an election by secret ballot to determine whether the Company's employees desired to be represented for purposes of collective bargaining by the Union, by Local 317, or by neither. The motion to dismiss was denied by the Board. The election has not yet been held. There is before this court no petition for enforcement of an order of the Board; nor any petition by an aggrieved person for review of any order of the Board, final or otherwise.

The Company concedes that it would be premature for it to seek to have the decision of the Board, directing an election, modified or set aside. The application here is an effort to perpetuate testimony which the Company claims would be material if a proceeding involving an unfair labor practice should eventuate. It urges that the evidence establishing Local 317 as the bargaining representative of a majority of its employees on June 1, 1942, would have shown the validity of that contract until December 14, 1943, and that an earlier election is not properly directed. It urges further that the excluded evidence was material to the issues in the proceeding, and that the Board's rejection thereof deprived it of procedural due process.

The only question here is whether this court has jurisdiction to order additional evidence to be taken in a Labor Board proceeding in which the only action taken by the Board is the direction of an election. We think it has not.

As pointed out by the Supreme Court in A. F. of L. v. N. L. R. B., 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347, the National Labor Relations Act, 49 Stat. 449, 29 U.S. C.A. § 151 et seq., distinguishes in separate sections thereof the two principal functions of the Board. The one, covered by Sec. 9, is headed "Representatives and Elections;" and the other, defined in Sec. 10, is headed "Prevention of Unfair Labor Practices." Only under Sec. 10 may application be made to the circuit courts of appeals: under subsec. (e) by the Board for enforcement of an order involving an unfair labor practice; and under subsec. (f) by an aggrieved person for review of such an order. No provision is made for review by the circuit courts of appeals of proceedings under Sec. 9, except where the results of an investigation under Sec. 9 in whole or in part form the basis for an order of the Board

involving an unfair labor practice under Sec. 10. Such an investigation was made here and the Board ordered an election; but it has taken no action at all under Sec. 10, and there is before us no petition for enforcement or review.

The provision empowering this court to order the taking of additional evidence is found in Sec. 10(e), and not elsewhere. It logically follows that the taking of additional evidence may be ordered only in proceedings involving an unfair labor practice.

This conclusion is sustained by the decisions of the Supreme Court in A. F. of L. v. N. L. R. B., supra, and in N. L. R. B. v. International Brotherhood of E. W., 308 U.S. 413, 60 S.Ct. 306, 84 L.Ed. 354, wherein it was held that certification or the direction of an election were not reviewable. It surely follows that the circuit courts of appeals are, under Sec. 10(e), not empowered to order the taking of additional evidence in proceedings they may not review.

The petition is dismissed.