## CROOKER v. SECURITIES AND EXCHANGE COMMISSION et al.
### No. 4261.

Circuit Court of Appeals, First Circuit.
May 23, 1947.

---

946

Conrad W. Crooker, of Boston, Mass., for petitioner.

Roger S. Foster, Solicitor, of Philadelphia, Pa. (David Ferber, Sp. Counsel, of Philadelphia, Pa., and Manuel F. Cohen, of Brooklyn, N. Y., on the brief), for respondent Securities and Exchange Commission.

James G. Connolly and Richard F. Canning, both of Providence, R. I., for respondent Burrillville Racing Ass'n.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

PER CURIAM.

This is a petition under § 9(a) of the Securities Act of 1933 to review a so-called "order" of the Securities and Exchange Commission entered under § 8(a) of that Act, as amended, 48 Stat. 79, 54 Stat. 857. The matter has to do with the registration statement covering a proposed offering of a new issue of securities by a corporation subject to the Act, 15 U.S.C.A. § 77a et seq.

██ Section 5(a) makes it unlawful for any person to use the instrumentalities of interstate commerce, or the mails, to sell a security "unless a registration statement is in effect" as to such security, upon pain of civil liability as provided in § 12(1) and criminal liability as provided in § 24. These sanctions are applicable whether or not the sale is effected by means of misrepresentation or misleading non-disclosure of material facts. Sections 6 and 7 prescribe the formalities of executing and filing a registration statement and the information required to be disclosed therein. Section 8(a) prescribes the procedure for putting a registration statement "in effect":

"Sec. 8. (a) Except as hereinafter provided, the effective date of a registration statement shall be the twentieth day after the filing thereof or such earlier date as the Commission may determine, having due regard to the adequacy of the information respecting the issuer theretofore available to the public, to the facility with which the nature of the securities to be registered, their relationship to the capital structure of the issuer and the rights of holders thereof can be understood, and to the public interest and the protection of investors. If any amendment to any such statement is filed prior to the effective date of such statement, the registration statement shall be deemed to have been filed when such amendment was filed; except that an amendment filed with the consent of the Commission, prior to the effective date of the registration statement, or filed pursuant to an order of the Commission, shall be treated as a part of the registration statement."

██ It will be observed that under § 8 (a) a registration statement automatically becomes effective upon the lapse of twenty days after the issuer has filed the original statement with the Commission, or, if amendments to the statement are filed before it becomes effective, then the effective date is twenty days after the filing of the last amendment. In two ways the Commission may shorten the twenty-day waiting period: (1) It "may determine" that the effective date shall be sooner than twenty days after the filing of the statement. (2) An amendment filed "with the consent of the Commission" is to be treated as part of the original registration statement, thus avoiding the necessity of a fresh twenty-day waiting period after the date of the filing of such amendment. In so far as the Com-

mission may take accelerating action under § 8(a), such action is ex parte merely; no provision is made for notice or hearing in connection therewith.

However, the Commission has power to delay or suspend the effectiveness of a registration statement. Under § 8(b), if it appears to the Commission that a registration statement is on its face incomplete or inaccurate, the Commission "may", after notice to the issuer and opportunity for hearing, "issue an order prior to the effective date of registration refusing to permit such statement to become effective until it has been amended in accordance with such order." Under § 8(d), if it appears to the Commission "at any time" that a registration statement contains a material misrepresentation or is misleading because of non-disclosure of a material fact, the Commission "may", after notice to the issuer and opportunity for hearing, "issue a stop order suspending the effectiveness of the registration statement." Both § 8(b) and § 8(d) thus contemplate a quasi-judicial proceeding, upon notice and hearing, culminating in an "order" which is reviewable as provided in § 9(a).

Failure of the Commission to delay the effectiveness of a registration statement by action under § 8(b), or failure of the Commission to suspend the effectiveness of a registration statement by a stop order under § 8(d), is not, in either case, to be deemed a finding by the Commission that the registration statement is true and accurate or to be held to mean that the Commission has passed upon the merits of, or given approval to, such security. It is explicitly so provided in § 23.

Any person who sells a security in interstate commerce by means of an untrue or misleading statement of material facts in a prospectus or oral communication is subject to civil liability under § 12(2), and to criminal penalties as provided in §§ 17 and 24. These sanctions are applicable whether or not a registration statement has been filed or has become effective. Civil liabilities on account of a false registration statement which has become effective are spelled out in great detail in § 11. Criminal penalties for willfully making a material misrepresentation in a registration statement are contained in § 24.

The Commission is given powers of investigation under § 20(a) whenever it shall appear to the Commission, either upon complaint or otherwise, that the provisions of the Act have been or are about to be violated. Under § 20(b) the Commission is authorized to apply to a proper court for an injunction to restrain such violation. Under § 20(c) the Commission may obtain a writ of mandamus commanding compliance with the provisions of the Act or of an order of the Commission thereunder.

Burrillville Racing Association, hereinafter referred to as the issuer, is a Rhode Island corporation engaged in the business of conducting horse racing meetings in Burrillville, Rhode Island. On February 27, 1947, the issuer filed a registration statement for 38,500 shares of class A stock to be offered for the purpose of providing funds to complete the construction of a new racing plant. Pending examination of the registration statement by the Commission's staff, the issuer filed amendments on various dates between March 17 and April 23, 1947. Some of these amendments were pursuant to suggestions by the Commission's staff, after consideration of objections made by the present petitioner in informal consultation with members of the staff and in memoranda submitted by him. Petitioner's several requests for a "hearing" were denied by the Commission. Upon consideration of the registration statement, of the memoranda submitted by the petitioner, and of the amendments on file, the Commission determined, as appears from a minute of the Commission's meeting of April 3, 1947, that a stop order proceeding would be detrimental to the interests of investors. However, petitioner was invited to submit any additional information or data having a bearing upon the problems involved.

Upon filing the last amendment on April 23, 1947, the issuer requested the Commission to accelerate the effective date, as provided in § 8(a). On April 28, 1947, the Commission entered an "Order Consenting to Filing of Amendments to Registration Statement", which recited that the Com-

948

mission "hereby consents to the filing" of the various amendments, and further stated as follows: "The records of the Commission show February 27, 1947, as the official filing date and that said Registration Statement, as amended, became Effective at 5:15 P.M. Eastern Daylight Saving Time, April 28, 1947, as of 5:30 P.M. Eastern Standard Time, March 18, 1947." This is the "order" which the pending petition seeks to have us review.

Upon leave obtained from a judge of this court, Burrillville Racing Association has intervened in the case. It has filed a motion to dismiss the petition on the ground that it appears from the face of the petition that petitioner is not in his own right a person aggrieved by the order of the Commission. A separate motion to dismiss, filed by the Commission, is based upon the ground that the order in question is not reviewable. We think that the motions to dismiss should be granted.

 The only allegation of the petition, as amended, purporting to qualify Crooker as a party aggrieved is the following: "Your petitioner files this petition as an aggrieved party as an individual citizen within the provisions of paragraph 2, section 2 of the Securities Act of 1933 as amended; and under the provisions of Paragraph a, Section 9 of said Act, and as attorney for bondholders and stockholders of Burrillville Racing Association, a racing association incorporated under the laws of the State of Rhode Island, and the petitioner, as set forth in petitioner's Exhibit b and c, attached to said petition, has hitherto made objection before the Commission against the action of the Commission herein brought before this Honorable Court for review."

Petitioner is no doubt a "person" within the inclusive definition of § 2(2); but it does not appear that he is, in his own right, a person "aggrieved" by the action of the Commission. Petitioner's standing in this court is by no means aided by the fact that, in the course of the informal administrative screening of the registration statement, members of the Commission's staff consulted with him and examined his memoranda setting forth objections to the statement.

Cf. Pittsburgh & West Virginia R. Co. v. United States, 1930, 281 U.S. 479, 486, 50 S.Ct. 378, 74 L.Ed. 980. The Commission of course was at liberty to consult with anybody who might have relevant data to present. Nor have we been referred to any authority sustaining the contention that an attorney may file a petition for review in his own name, as agent for undisclosed principals alleged to be persons aggrieved. The petition does not even allege that the clients for whom petitioner is acting are resident within the First Circuit or have their principal places of business therein, absent which, this court is not the proper forum for review. Petitioner declined to disclose to the Commission the identity of the persons for whom he claimed to act, nor has he made such disclosure to the court. At a hearing on petitioner's motion for a stay of the order pending review, petitioner stated that his clients were unwilling to have their names disclosed because they feared some political reprisal in Rhode Island if their identities became known. Assuming, though we doubt it very much, that this court would have power to entertain a petition for review filed on behalf of an unnamed person, upon a confidential disclosure to the court of his identity, together with an adequate showing of his standing as a person aggrieved, and a further showing that his apprehension of possible reprisals rested on a substantial foundation, no such extraordinary showing has been made or offered in this case.

██ Furthermore, we agree with the Commission that the order in question is not reviewable under § 9(a) of the Act. It is called an "order" by the Commission, but it might just as well have been called a "certificate" evidencing consent to the filing of amendments to the registration statement. Indeed, it need not have been called anything, but its recitals might have been left to speak for themselves. Section 8(a) of the Act does not require the Commission to give notice and opportunity for hearing before giving consent to the filing of an amendment; it does not even require that this consent be manifested in any particular way, by an "order" or otherwise. Section 9(a) provides that the Commission,

upon being served with a copy of the petition for review, shall thereupon "certify and file in the court a transcript of the record upon which the order complained of was entered. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission. The finding of the Commission as to the facts, if supported by evidence, shall be conclusive." These provisions are obviously inapplicable to the present situation. The action taken by the Commission was not based upon any formal proceeding, in which evidence was taken. No findings of fact have been made, nor were such findings required by § 8(a). If this court should undertake to review the action by the Commission in consenting to the filing of the amendments and thus, by the automatic operation of § 8(a), accelerating the effective date of the registration statement, we would be taking upon ourselves a purely administrative function confided to the Commission. In addition to that, a registration statement becomes effective in any event after the lapse of twenty days from the filing of the last amendment. This brief period would necessarily have elapsed before the petition for review could be heard and disposed of by this court. .

▮▮▮ The petition, in addition to asking us to set aside the so-called "order" of April 28, 1947, consenting to the filing of the amendments, asks us to grant leave to the petitioner "to adduce additional evidence before the Commission in objection to said registration application and especially in rebuttal of the Applicant's latest amendment of said registration statement." This prayer would seem to imply that there has already been some administrative proceeding at which evidence has been introduced upon which the "order" complained of was based. As already stated, there has been no such proceeding. If the intent of this prayer is to obtain from this court a decree directing the Commission to institute a proceeding under § 8(d) looking toward a stop order suspending the effectiveness of the registration statement, it is clear that no such power is conferred upon this court. The language of § 8(d) is permissive merely, conferring administrative

discretion upon the Commission to institute such a proceeding "if it appears to the Commission" that a registration statement is false or misleading. Cf. Jacobsen v. National Labor Relations Board, 3 Cir., 1941, 120 F.2d 96, 99, 100. For the same reason we are without power to direct the Commission, at the instance of a private petitioner, to make an investigation under § 20(a) or to institute injunction proceedings under § 20(b).

An order will be entered dismissing the petition for lack of jurisdiction.