## LINCOURT v. NATIONAL LABOR RELATIONS BOARD.

### No. 4365.

United States Court of Appeals First Circuit.

Oct. 19, 1948.

'Bernard Lenhoff, of North Adams, Mass., for petitioner.

David P. Findling and A. Norman Somers, Asst. Gen. Counsels, Ruth Weyand, Acting Asst. Gen. Counsel, and Abraham H. Maller, Atty., all of National Labor Relations Board, all of Washington, D. C., for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY, Circuit Judge.

PER CURIAM.

This petition seeks review of a determination by the General Counsel of the National Labor Relations Board not to direct the issuance of a complaint, in the

name of the Board, charging unfair labor practices. Our only possible basis of jurisdiction is § 10(f) of the National Labor Relations Act, as amended, 61 Stat. 148, 29 U.S.C.A. § 160(f), which provides that any person aggrieved "by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order" in the appropriate circuit court of appeals. We agree with the Board that the phrase "a final order of the Board" as used in this subsection "refers solely to an order of the Board either dismissing a complaint in whole or in part or directing a remedy for the unfair labor practices found, that is to an order entered as the culmination of the procedure described in Section 10(b) and (c) of the Act, as amended." See American Federation of Labor v. N.L.R.B., 1940, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347.

 The issuance of a complaint under § 10 of the Act is a matter of administrative discretion. Under the National Labor Relations Act in its original form, 49 Stat. 449, it was clear that the refusal of the Board to issue a complaint was not reviewable in the circuit courts of appeals. See Jacobsen v. N.L.R.B., 3 Cir., 1941, 120 F.2d 96, 100. The Labor Management Relations Act of 1947 has effected no change in the jurisdictional language of § 10 now relevant, though in other particulars it made substantial amendments of the National Labor Relations Act. Wilke v. N.L. R.B., 4 Cir., July 7, 1948, No. 5754.[1]

██ It is to be noted that the Labor Management Relations Act of 1947 introduced into § 3 of the National Labor Relations Act a new subsection (d), 29 U.S.C.A. § 153(d), which took away from the Board the administrative power to issue complaints under § 10. As the Act now reads, the General Counsel of the Board "shall have final authority, on behalf. of the Board, in respect of the investigation of charges and issuance of complaints under section 10." Such administrative determinations by the General Counsel are not denominated "orders" in the Act, and the Act makes no provision for their review. That the Board itself no longer has power to make such determinations only serves to emphasize, what is otherwise abundantly clear, that there has in this case been no "final order of the Board" within the meaning of § 10(f).

Consequently, respondent's motion to dismiss the petition must be granted, and a judgment will be entered dismissing the petition for lack of jurisdiction.

---

[1] Petition for review, dismissed.