## GENERAL DRIVERS, CHAUFFEURS, AND HELPERS, LOCAL 886, AFL, v. NATIONAL LABOR RELATIONS BOARD.
### No. 4004.

United States Court of Appeals
Tenth Circuit.
Jan. 6, 1950.

Rutherford H. Brett, Oklahoma City, Okl., for petitioner.

David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, Abraham H. Maller, Washington, D. C., for respondent.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The petition for appeal filed herein by General Drivers, Chauffeurs and Helpers, Local 886, AFL,[1] seeks a review of the action of the General Counsel of the National Labor Relations Board[2] in refusing to issue a complaint requested by that local. The petition also seeks a review of an order of the board rendered under Section 9(c) of the National Labor Relations Act as amended,[3] which order refused to certify the aforesaid local as the exclusive bargaining representative of the employees in a certain unit. The board filed a motion to dismiss the petition for appeal on the grounds that neither the action of the

1. Herein referred to as petitioner.
2. Herein referred to as the board.

3. 29 U.S.C.A. § 159(c).

General Counsel nor the decision of the board is reviewable.

In substance, the petition alleges that in a prior representation proceeding, namely, "In the matter of the Borden Company, Case No. 16-RC-256," the petitioner had requested certification as the exclusive bargaining representative of the employees in an appropriate unit. After a hearing, the board determined that the unit contended for by the petitioner was not appropriate, determined the appropriate unit, and ordered an election. At such election the petitioner challenged the votes of 16 employees on the ground that they were supervisors. The board determined that the employees in question were not supervisors and ordered their ballots counted. The petitioner received a majority of the votes cast, if the challenged ballots were excluded, but did not receive a majority when such ballots were counted. The board refused to certify the petitioner as the exclusive bargaining representative of the employees in the appropriate unit.

Later the petitioner, claiming that it represented a majority of the employees in the appropriate unit, demanded recognition of the employer and sought to bargain with it. Upon the employer's refusal to recognize and bargain with the petitioner, it filed a charge alleging that such refusal constituted an unfair labor practice within the meaning of the Act. The General Counsel refused to issue a complaint based on the charge.

■ Section 10(f) of the Act, 29 U.S. C.A. § 160(f), states that an aggrieved person may appeal from "a final order of the Board granting or denying * * *

relief." The phrase "a final order of the Board" as used in this Section refers solely to an order of the board either dismissing a complaint in whole or in part, or directing a remedy having to do with unfair labor practices entered by the board under the provisions of Section 10(b) and (c) of the Act, as amended. The board's decision in a representation proceeding under Section 9 of the Act is not a final order of the board within the meaning of 10(f).[4]

■ A representation proceeding may be reviewed only after the board has entered a final order in an unfair labor practices proceeding under Section 10(c) of the Act based in whole or in part upon facts certified in the representation proceedings. N. L. R. B. v. International Brotherhood of Electrical Workers, supra; Inland Container Corp. v. N. L. R. B., supra. In American Federation of Labor v. N. L. R. B., 308 U.S. 401, at page 411, 60 S.Ct. 300, 305, 84 L.Ed. 347, it is said: "The conclusion is unavoidable that Congress, as the result of a deliberate choice of conflicting policies, has excluded representation certifications of the Board from the review by federal appellate courts authorized by the Wagner Act except in the circumstances specified in § 9(d)."

■ Prior to the 1947 amendment, it was well settled that Section 10(b) vested in the board the discretionary power to issue or withhold a complaint after investigating the charges of unfair labor practices and that the board's exercise of discretion in refusing to issue a complaint was not subject to review by the courts.[5] The 1947 amendment vested in the Gen-

4. American Federation of Labor v. N.L. R.B., 308 U.S. 401, 407, 60 S.Ct. 300, 84 L.Ed. 347; N.L.R.B. v. International Brotherhood of Electrical Workers, 308 U.S. 413, 60 S.Ct. 306, 84 L.Ed. 354; Lincourt v. N.L.R.B., 1 Cir., 170 F.2d 306; Jacobsen v. N.L.R.B., 3 Cir., 120 F.2d 96, 100; Thompson Products Inc. v. N.L.R.B., 6 Cir., 133 F.2d 637, 640; Inland Container Corp. v. N.L.R.B., 6 Cir., 137 F.2d 642.

5. N.L.R.B. v. Indiana & Michigan Electric Co., 318 U.S. 9, 18, 63 S.Ct. 394, 87 L. Ed. 579; Jacobsen v. N.L.R.B., 3 Cir.,

120 F.2d 96, 99; N.L.R.B. v. Barrett Co., 7 Cir., 120 F.2d 583, 586; N.L.R.B. v. National Broadcasting Co., 2 Cir., 150 F.2d 895, 899; N.L.R.B. v. Federal Engineering Co., 6 Cir., 153 F.2d 233, 234; Cf. Federal Trade Commission v. Klesner, 280 U.S. 19, 25, 50 S.Ct. 1, 74 L.Ed. 138, 68 A.A.L. 838; Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 144, 60 S.Ct. 437, 84 L.Ed. 656; Crooker v. Securities and Exchange Commission, 1 Cir., 161 F.2d 944, 948; Thompson Products Inc. v. N.L.R.B., 6 Cir., 133 F.2d 637.

eral Counsel, not the board, the power and function of investigating charges and issuing complaints. No provision was made for the review of the General Counsel's action by the courts. So far as the reviewability of the action of the General Counsel is concerned, the amendment did not change the language of Section 10(b). It is clear that prior to the 1947 amendment, the refusal of the board to issue a complaint was not reviewable by the courts. The same rule applies to the refusal of the General Counsel to issue such complaint. Lincourt v. N. L. R. B., 1 Cir., 170 F.2d 306.

■ The matters presented in the petition for appeal not being reviewable, the motion to dismiss will be sustained for lack of jurisdiction.