**LAUNDRY WORKERS INTERNATIONAL UNION, LOCAL 221, v. NATIONAL LABOR RELATIONS BOARD.**

No. 14007.

United States Court of Appeals
Fifth Circuit.

June 6, 1952.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

HUTCHESON, Chief Judge.

The Regional Director of the Board having denied petitioner's request, made in the course of a preliminary investigation, for the issuance of a subpœna *duces tecum,* and the General Counsel having sustained the Regional Director's refusal, petitioner has come here seeking what it calls a review of a final order of the Board [1] refusing to issue the subpœna.

The Board, insisting that this court is without jurisdiction because the action complained of is not a final order within the meaning of Section 10(f) of the Act as amended, 29 U.S.C.A. § 160(f), has moved to dismiss.

As appears from the face of the petition, petitioner is a labor organization which had filed with the Board's Regional office unfair labor practice charges against an employer, the New E & W Laundry. After the preliminary administrative investigation of these charges—which under Section 10(b) and 3(d) of the Act is an exclusive function of the General Counsel and his agents, and is conducted for the purpose of enabling the General Counsel to determine whether a formal complaint should issue—the Regional Director concluded that the issuance of a formal complaint was unwarranted and dismissed the charges. Thereafter, petitioner, seeking evidence which might alter the Regional Director's determination, requested the Director to issue a subpœna *duces tecum* directed against the employer. This request was denied by the Regional Director, and his rulings both on the refusal to issue a subpœna and the refusal to issue a complaint, were sustained by the General Counsel.

Walter L. Mitchell, Atlanta, Ga., for petitioner.

A. Norman Somers, Asst. Gen. Counsel, Washington, D. C., David P. Findling, Assoc. Gen. Counsel, Washington, D. C., John C. Getreu, Atlanta, Ga., Director, 10th Region, for respondent.

1. "National Labor Relations Board
Washington, 25, D. C.
Jan. 18, 1952
"Mitchell, Smith & Mitchell,
161 Spring Street Bldg.,
Atlanta 3, Georgia.
"Gentlemen:
"In reply to your letter of Jan. 7, 1952, this is to advise that the Board, upon consideration of your request, was of the opinion that the action of the General Counsel and the Regional Director in refusing to issue a subpoena duces tecum, upon your application, was, for the reasons given by the General Counsel, entirely proper.
"Very truly yours,
(s) Louis R. Becker,
Executive Secy."

Section 10(f) of the Act, which fixes the jurisdiction of the court, provides:

"Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any circuit court of appeals of the United States * * *".

█ Agreeing with, we adopt as our own, the following from the brief of the Board:

"Under the decisions of the Supreme Court and the courts of appeals it has long been established that the phrase 'a final order of the Board', as used in this section, refers solely to an order of the Board either dismissing a complaint in whole or in part or directing a remedy for the unfair labor practices found—in either case an order entered as the culmination of the procedure described in Section 10(b) and (c) of the Act.

"Accordingly, attempts to obtain review in the courts of appeals of Board action, short of an order issued at the completion of the procedure specified in 10(b) and (c), have uniformly failed. Thus, it has been held that 10(f) does not confer jurisdiction upon the courts of appeals: to review certifications, which the Board has either issued or declined to issue, at the conclusion of representation proceedings under Section 9;[2] to review other Board decisions in representation proceedings, respecting such things as the holding of an election, the appropriateness of particular units, and the labor organizations eligible to appear on the ballot;[3] or to review the Board's action in scheduling hearings in unfair labor practice cases.[4]

"Similarly, it has been held that the action of the General Counsel, in dismissing an unfair labor practice charge and declining to issue a complaint, is not a 'final order' within Section (10(f), so that the courts of appeals are without jurisdiction to review such action. Lincourt v. N. L. R. B., [1 Cir.] 170 F.2d 306; General Drivers v. N.L.R.B. [10 Cir.] 179 F.2d 492; Wilke v. N. L. R. B., (C. A. 4 Case No. 5754, July 7, 1948, unreported.*

█ "The refusal to issue a complaint and the consequent dismissal of an unfair labor practice charge belong to the preliminary informal investigation authorized by Sec. 10(b). They do not qualify for review pursuant to Sec. 10(f) since they are neither 'the culmination' nor even a part of the formal unfair labor practice procedure specified in Sections 10(b) and (c), which is initiated by issuance of a complaint. A fortiori, the denial of a subpoena, in the course of such preliminary investigation, is not a 'final order' under Section 10(f). The denial of such subpoena is a 'mere incident' (Goodyear Tire & Rubber Co. v. N. L. R. B., [6 Cir.] 122 F.2d 450, 451 [136 A.L.R. 883]) in the administrative investigation of the charge, which investigation itself is only 'incidental to the exercise of the power to issue a complaint.' N. L. R. B. v. Barrett Co., [7 Cir.] 120 F.2d 583, 586.

"The conclusion, that action respecting a pre-complaint subpoena is not subject to direct review under Section 10(f), is confirmed by the fact that the issuance of a subpoena is not conditioned upon any requirement of prior notice, hearing, or findings of fact, all

2. A. F. L. v. N. L. R. B., 308 U.S. 401 [60 S.Ct. 300, 84 L.Ed. 347]; General Drivers [Chauffeurs, etc.] v. N. L. R. B., [10 Cir.] 179 F.2d 492; A. G. M. Workers Ass'n v. N. L. R. B., [7 Cir.] 117 F.2d 209; Ohio Power Co. v. N. L. R. B., [6 Cir.] 164 F.2d 275.

3. N. L. R. B. v. I[nternational] B[rotherhood] of [E[lectrical] W[orkers], 308 U.S.

413 [60 S.Ct. 306, 84 L.Ed. 354]; N. L. R. B. v. Standard Oil Co., [10 Cir.] 124 F.2d 895; Utah Copper Co. v. N. L. R. B., [10 Cir.] 136 F.2d 485; Inland Container Corp. v. N. L. R. B., [6 Cir.] 137 F.2d 642.

4. Thompson Products v. N. L. R. B., [6 Cir.] 133 F.2d 637.

* Petition for review dismissed.

of which are essential prerequisites under Sections 10(b) and (c) to 'a final order of the Board'. Section 10(f) provides for the certifying and filing of 'a transcript of the entire record * * * including the pleading and testimony upon which the order complained of was entered, and the findings and order of the Board.' It also provides that the Court may direct the taking of additional evidence by the Board and the making of modified or new findings. It further provides that the findings shall be conclusive 'if supported by substantial evidence on the record considered as a whole'. These provisions are obviously inapplicable to the present case. The action challenged here was not based upon any formal proceeding in which evidence was taken and findings made. Cf. Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375 [58 S.Ct. 963, 82 L.Ed. 1408]; Crooker v. Securities & Exchange Commission, [1 Cir.] 161 F.2d 944, 949."

So agreeing, we grant the Board's motion and order the petition

Dismissed.