**MANHATTAN CONST. CO., Inc. v. NATIONAL LABOR RELATIONS BOARD.**

No. 4449.

United States Court of Appeals
Tenth Circuit.

July 25, 1952.

Byron V. Boone, Tulsa, Okl. (John E. Rooney, Muskogee, Okl., was with him on the brief), for petitioner.

A. Norman Somers, Washington, D. C. (George J. Bott, David P. Findling, Norton J. Come and Duane Beeson, Washington, D. C., were with him on the brief), for respondent.

Before BRATTON, MURRAH, and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

Manhattan Construction Company, Inc. filed with the National Labor Relations Board a charge that United Brotherhood of Carpenters and Joiners of America, Local 943, American Federation of Labor, was guilty of an unfair labor practice. The charge was that the construction company was engaged in the construction of a building in Tulsa, Oklahoma; that a jurisdictional dispute arose between the Brotherhood of Carpenters, Local 943, and International Hod. Carriers, Building and Common Laborers' Local 1212, American Federation of Labor; that on account of the dispute the carpenters withdrew from the job; and that the job was being held

up pending settlement of such dispute. Pursuant to section 10(k) of the Labor Management Relations Act, 1947, 61 Stat. 136, 149, 29 U.S.C.A. § 160(k), upon due notice to all parties, a hearing was had at which evidence was introduced, and the hearing officer submitted a report to the Board. Prior to the filing of the charge, the underlying dispute had been submitted to the National Joint Board for Settlement of Jurisdictional Disputes, Building and Construction Industry, and the matter was pending before such Joint Board for decision. In view of that fact, and upon the entire record in the proceeding, the Board ordered the notice of hearing previously issued quashed, and the construction company was advised that the proceeding was being dismissed. The construction company appealed to the General Counsel for the Board. The General Counsel sustained the action of the Board and advised the company that no further proceedings were warranted. The construction company filed in this court a petition for review of the order of the Board. The Board filed a motion to dismiss the petition for review on the ground that the only action of the Board which a court of appeals has jurisdiction to review directly on petition of an aggrieved party is a final order within the meaning of section 10(f) of the Act; that the action of the Board in dismissing the charge filed by the construction company was not such an order; and that therefore the court is without jurisdiction.

█ The single question presented for determination is whether the action of the Board in declining to issue a complaint and go further with the proceeding, and the action of the General Counsel in approving the action of the Board, is subject to review. Except as authorized by statute, a court of appeals does not have jurisdiction to review actions of the Board. American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347.

█ Section 10 of the Act is the only provision vesting in a court of appeals jurisdiction to review actions of the Board. Under section 10(e) the court has juris-

diction to entertain a petition of the Board for the enforcement of its order requiring the person charged to cease and desist from the unfair labor practice. Section 10(f) provides that any person aggrieved "by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order" in the particular court of appeals therein specified. The phrase "final order of the Board" as used in the statute refers solely and exclusively to an order of the Board either dismissing a complaint in whole or in part or directing a remedy relating to an unfair labor practice entered under section 10(b) and (c). General Drivers, Chauffeurs, and Helpers, etc., v. National Labor Relations Board, 10 Cir., 179 F.2d 492.

Section 3(d) of the Act 29 U.S.C.A. § 153(d), vests in the General Counsel for the Board final authority, on behalf of the Board, in respect to the investigation of charges and the issuance of complaints under section 10; but no specific provision is made for judicial review of the action of the General Counsel respecting such matters. Lincourt v. National Labor Relations Board, 1 Cir., 170 F.2d 306; General Drivers, Chauffeurs, and Helpers, etc. v. National Labor Relations Board, supra. So far as the reviewability of the action of the General Counsel is concerned, the amendment did not make any change in the language of section 10(b) or 10(f). General Drivers, Chauffeurs, and Helpers, etc., v. National Labor Relations Board, supra.

█ The charge filed by the construction company was not a complaint, within the meaning of the Act. It was not a pleading. Its function was merely to set in motion the machinery for an inquiry to determine whether a complaint should be issued. National Labor Relations Board v. Indiana & Michigan Electric Co., 318 U.S. 9, 63 S.Ct. 394, 87 L.Ed. 579; National Labor Relations Board v. Fulton Bag & Cotton Mills, 10 Cir., 180 F.2d 68. The Act makes no provision for a private party filing a complaint. As already said, section 3(d) vests in the General Counsel, on behalf of the Board, final authority in respect to the issuance of

complaints; and section 10(b) vests in the Board the function of issuance of complaints charging the commission of unfair labor practices. Here, no complaint was issued. No answer was filed. And no final order was entered which the construction company may bring here for review under section 10(f). General Drivers, Chauffeurs, and Helpers, etc. v. National Labor Relations Board, supra; Lincourt v. National Labor Relations Board, supra; Laundry Workers International Union, etc., v. National Labor Relations Board, 5 Cir., 197 F.2d 701.

The petition for review is dismissed.