**HOURIHAN v. NATIONAL LABOR RELATIONS BOARD et al.**

No. 11346.

United States Court of Appeals District of Columbia Circuit.

Submitted Oct. 24, 1952.

Decided Nov. 20, 1952.

Writ of Certiorari Denied April 6, 1953.

See 73 S.Ct. 792.

188

Frank A. Hourihan, pro se, submitted on the brief for appellant.

A. Norman Somers, Assistant General Counsel, National Labor Relations Board, Washington, D. C., submitted on the brief for appellees.

Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant brought a civil action in the District Court praying for a writ of *mandamus* against the National Labor Relations Board, its Chairman, "and/or" its General Counsel. The gist of his petition was that he had been discharged by his employer in violation of Section 8 of the Labor Management Relations Act,[1] that he had filed charges against his employer, that the Regional Director and thereafter the General Counsel had refused to issue a complaint, and that the Board had refused to overrule the General Counsel or to issue any order in the matter. He prayed that the court direct the Board to issue a final order, which would be appealable and would thus permit him to get a judicial review of the proceedings inaugurated by his charges. The District Court dismissed the petition on the grounds that it had no jurisdiction over the subject matter and that the petition failed to state a claim upon which relief could be granted.

Section 3(d) of the Labor Management Relations Act[2] provides that the General Counsel of the Board "shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 10". The Board cannot issue an order until the General Counsel issues a complaint. A court has no power to order the General Counsel to issue a complaint[3] and no power to require the Board to issue an order in a matter which is not before the Board.

Appellant seeks to make out a case of abuse of discretion. In his recitation of the facts, presented in the affidavit attached to his petition, he said that the Regional Director acted upon perjured affidavits and that no investigation was made by the Regional Director or by agents of the Board. However, he said that he gave the Regional Director the names of three agents of the company responsible for firing him and that two of these agents (the other being in the hospital) went to the Board office and thereafter filed affidavits, which affidavits petitioner says were perjured. Upon the case thus made out in the petition, depending as it did upon an evaluation of evidence, the issuance of a complaint lay within the discretion conferred upon the General Counsel by the statute.[4]

Affirmed.

---

1. 61 Stat. 140 (1947), as amended, 29 U. S.C.A. § 158.

2. 61 Stat. 139 (1947), 29 U.S.C.A. § 153 (d).

3. General Drivers, Etc., Local 888, A. F. of L. v. National Labor Relations Board, 10 Cir., 1950, 179 F.2d 492; Lincourt v. National Labor Relations Board, 1 Cir., 1948, 170 F.2d 306.

4. We need not here canvass whether, and if so under what circumstances, a court can correct an abuse of discretion by the General Counsel in failing to issue a complaint. Compare Jacobsen v. National Labor Relations Board, 3 Cir., 1941, 120 F.2d 96, 100; Att'y Gen. Man. Ad. Proc. Act 94–95 (1947); Davis, Administrative Law 160–167, 846–848 (1951).