**ANTHONY et al. v. NATIONAL LABOR RELATIONS BOARD et al.**

**No. 11900.**

United States Court of Appeals
Sixth Circuit.

June 16, 1953.

---

3. § 1346(b), Title 28, U.S.C.

4. Barrett v. Third Avenue R. R. Co., 45 N.Y. 628; Milks v. McIver, 264 N.Y. 267, 190 N.E. 487.

Harry S. McAlpin, Louisville, Ky., on brief, for petitioners.

John P. Sandidge, Louisville, Ky., on brief, for Bond Bros., Inc.

A. Norman Somers, Asst. General Counsel, N. L. R. B., Washington, D. C., for Labor Board.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

The petitioners, Stanley Anthony and some sixty-three other complainants, all members of Local S. 51, International Woodworkers of America, C. I. O., and employees of Bond Brothers, Inc., have filed with us a petition for review "of a certain Final Order and Agreement" entered by the National Labor Relations Board. This alleged "final order" was the result of a charge of unfair labor practices made by the Union against Bond Brothers, Inc.

The petition avers that, after the Union had filed its unfair labor charges, a settlement agreement was negotiated between the union representative and the employer of petitioners. This agreement was executed on November 10, 1950, and approved three days later by the National Labor Relations Board. Petitioners assert that the settlement agreement constitutes a "final order" of the Labor Board; that they are aggrieved thereby; and that this court possesses jurisdiction to alleviate their grievances by virtue of section 10(f) of the National Labor Relations Act, as amended by Act of 1947, 29 U.S.C.A. § 160(f).

The National Labor Relations Board and Bond Brothers, Inc., have filed separate motions to dismiss the petition upon the ground that this court has no jurisdiction over the subject matter, in that the agency action of which complaint is made is not a "final order" within the meaning of section 10(f) of the Act, as amended.

Section 10(f) of the pertinent Act, which provides with respect to the jurisdiction of this court, is as follows: "Any person aggrieved by *a final order* of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any circuit court of appeals of the United States * * *." [Italics supplied.]

Inasmuch as all the matters of which petitions complain are based upon the alleged conditions, omissions, and requirements of the settlement agreement, it would seem that the only issue presented here is whether or not the settlement agreement was a "final order" of the Labor Board. It is clear that the basis of review by this court of an order of the Labor Board is that the order be final as expressly required by section 10(f), supra.

To determine whether the settlement agreement with which we are presently concerned is a final order, we look to the prescribed procedure and regulations of the National Labor Relations Board. It is to be observed that, after a charge has been filed and service had upon the persons against whom the charge is leveled, the charging party is required to submit evidence in support of his averments; and the respondent must submit a statement of its position in respect to the charges. The case is then assigned and investigated by a subordinate of the Regional Director. After a full investigation, including interviews with representatives of all parties, has been made, disposition of the case may be had by methods or procedures, such as withdrawal, dismissal, or settlement [National Labor Relations Board, Statement of Procedure, section 101.4, 29 C.F.R.]. The staff of the General Counsel, after investigation, determines whether or not a formal complaint should issue, or what further action should be taken [Board Pro-

834

cedure 101.6]. A decision by the General Counsel not to issue a complaint is not reviewable by the National Labor Relations Board or in the courts. Lincourt v. National Labor Relations Board, 1 Cir., 170 F.2d 306.

Prior to the issuance of a complaint, the Regional Director generally undertakes to ascertain whether a settlement can be effectuated. Settlement agreements are worked out on Board forms and customarily provide that the charges be withdrawn following compliance with the agreement. It should be observed that the above provision was made a part of the settlement agreement in the instant case, and also that the agreement itself was incorporated into a form prepared and supplied by the National Labor Relations Board. Moreover, the Board provides printed notices for posting by the respondent. A notice of such character, to the employer, was in the instant matter attached to and made a part of the agreement, with a provision setting forth the manner in which the notice should be posted [see section 101.7, in re Board Procedure, Settlements].

If a charge does not result in informal adjustment or settlement, the Regional Director, should he consider that the charge is meritorious, institutes formal action against the accused, by the issuance of a complaint and notice of hearing [section 101.8, Board Procedure].

 For the reason that the settlement agreement here for consideration was entered into by the parties before a complaint was issued, we hold that there has been no formal action by the Labor Board of such nature as to constitute a final order. This court acquires no jurisdiction to review, unless the order of the Labor Board which petitioners seek to review is a *final* order.

The language in section 101.9(b), C.F. R., Board's Procedure, is most significant: "All settlement stipulations which provide for the entry of an order by the Board are subject to the approval of the Board in Washington. * * *" This appears to reaffirm the proposition that settlement agreements are not final orders of the Board, but that the parties may by agreement provide specifically for the entry of such an order by the Board. The agreement made by the parties in the present controversy did not so provide. It would follow, therefore, that there is here no final order for review. The mere fact that the settlement form provides for "notice to all employees" is not tantamount to a final order by the Board.

The Court of Appeals for the Fifth Circuit has adopted the Labor Board's definition of a " 'final order of the Board' " in Laundry Workers International Union Local 221 v. National Labor Relations Board, 1952, 197 F.2d 701, 703.

We have considered the briefs of the petitioners and the respondents and the authorities cited therein. However, we find no occasion for lengthening this opinion by citing, distinguishing, or discussing them, because we think we have briefly but sufficiently discussed the controlling reasons for our decision. The settlement agreement herein involved is not such final order as to give this court jurisdiction under section 10(f) of the National Labor Relations Act, as amended.

Accordingly, the motions of respondents to dismiss the petition for review are sustained.