**William LEIGHTON, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 12404.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 31, 1955.

Decided Feb. 10, 1955.

Mr. William Leighton, petitioner pro se.

Mr. William H. Timbers, General Counsel, Securities and Exchange Commission, with whom Mr. Alexander Cohen, Special Counsel, Securities and Exchange Commission, was on the brief, for respondent.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

William Leighton, the petitioner, sought to persuade the Securities and Exchange Commission to assume jurisdiction to investigate and regulate the issuance and sale by the American Express Company of travelers checks, contending they are securities within the meaning of the Securities Act of 1933.[1] The Commission refused. Leighton then petitioned this court to review the Commission's refusal, contending jurisdiction resides in this court under Section 9(a) of the Securities Act[2] and Section 10 of the Administrative Procedure Act.[3] The Commission has moved that we dismiss the petition for lack of jurisdiction.

Were we to assume that the action of the Commission in declining to entertain petitioner's complaint, or to investigate the matters pressed by him, constituted an order of the Commission nevertheless it would be one within the discretion of the Commission under Section 20 of the Securities Act[4] and, in any event, not such an order as would be reviewable

1. 48 Stat. 74 et seq., as amended, 15 U.S. C.A. § 77a et seq.

2. 48 Stat. 80, as amended, 15 U.S.C.A. § 77i.

3. 60 Stat. 237, 243, as amended, 5 U.S.C.A. § 1009.

4. 48 Stat. 86, as amended, 15 U.S.C.A. § 77t.

by this court under Section 9(a) of the Act. See Crocker v. Securities and Exchange Commission, 1 Cir., 161 F.2d 944, 949. The discretionary character of the Commission's action likewise removes it from Section 10 of the Administrative Procedure Act, which excepts from its provisions for judicial review agency action committed by law to agency discretion. The motion to dismiss accordingly will be granted.

It is so ordered.