LUCE & COMPANY, S. EN C., Petitioner, *v.* PUERTO RICO
LABOR RELATIONS BOARD, Respondent.

No. 65.   Resubmitted February 6, 1961.—Decided February 27, 1961.

*Hartzell, Fernández & Novas* for petitioner.   *J. B. Fernández
Badillo, Attorney General,* and *José Orlando Grau, Rafael
Buscaglia, Jr.,* and *Leonardo Llequis,* the latter three for
the Labor Relations Board, all counsel for the Board.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Section 9 of the Puerto Rico Labor Relations Act (Act
No. 130 of May 8, 1945, Sess. Laws, p. 406 [as amended],
29 L.P.R.A. § 70), provides that "any person aggrieved by
*a final order* of the Board granting or denying in whole or
in part the relief sought may obtain a review of such order
in the Supreme Court of Puerto Rico by filing in such court
a written petition praying that the order of the Board be
modified or set aside."   In pursuance to this provision, the
petitioner Luce & Company, *S. en C.,* asks us to review a
decision issued by the Board on July 13, 1959, which con-
firmed the action of its President,[1] dismissing a request of
said petitioner to prefer charges of unfair labor practice
against UPWA-AFL-CIO Labor Union and its Local Union
No. 804 of Guayama, affiliated to the Labor Union and

---

[1] Section II(1) (c) of Regulation No. 2 of the Board of Labor Relations
is as follows:

"When a charge is filed, the Board shall order a preliminary inves-
tigation of the allegations contained therein.   The President of the Board
shall decide whether or not to issue a complaint and notice of hearing."

local Union No. 858 of Salinas, affiliated to the UPWA-AFL-CIO Sugar Union. Such unfair practice consisted in the alleged violation of a collective agreement, by which strikes were provoked, promoted and furthured in various colonies of the petitioner, (§ 8(2) (a)) of Act No. 130, 1945, *supra*, 29 L.P.R.A. § 69; *Board of Labor Relations* v. *I.L.A.*, 73 P.R.R. 568 (1952). The Board has asked us to dismiss the petition for lack of jurisdiction because the decision, which we intend to review, is not a *final order*.

██ ██ The Labor Relations Act invests the Board with power to prevent any person from engaging in any of the unfair labor practices which are therein enumerated, and accordingly, it shall have the power to conduct a preliminary investigation of the petitioners and charges filed. Once this investigation has been conducted, the Board may choose to dismiss the charge or petition; or, if in the opinion of the Board, the institution of further proceedings is justified, it may proceed as provided by § 9(1) *supra*. The procedure to this effect is established in § II of the Regulations of the Labor Relations Board (29 R.&R.P.R. § . . .). *Cf.* Weasler, *Práctica y Procedimiento Ante la Junta Nacional de Relaciones del Trabajo,* 28 *Revista Jurídica de la Universidad de Puerto Rico,* p. 131.

Section 9(b) cited, which authorizes the judicial review of final orders of the Board is equivalent to § 10 of the National Labor Relations Act of 1935, known as the Wagner Act (Act of July 5, 1935, ch. 372, 49 Stat. 449) and substantially equal to § 10(f) of the Labor-Management Relations Act of 1947, known as the Taft-Hartley Act (61 Stat. 136 (1947), 29 U.S.C. § 160 (1952)). These federal provisions have been the object of frequent interpretation.[2]

---

[2] Repeatedly we have held that in adopting a statute of another jurisdiction, it is presumed that the legislature does it with the construction previously given to it in the place where it originated. *Jiménez* v. *Jones,* 74 P.R.R. 240 (1953); *Corretjer* v. *District Court,* 72 P.R.R. 704 (1951); *Nieves* v. *Jones,* 72 P.R.R. 272 (1951); *Padilla* v. *Vidal,* 71 P.R.R. 483 (1950); *Legarreta* v. *Treasurer,* 55 P.R.R. 20 (1939); *Vázquez* v. *Font,* 53 P.R.R. 252 (1938).

It has been decided that the following shall not constitute final orders subject to review: (*a*) decisions on certification for determining representatives for the purpose of collective bargaining, *Leedom* v. *Kyne*, 358 U.S. 184 (1958) ; *Connecticut Light & Power Co.* v. *Leedom*, 174 F. Supp. 171 D.C., D.C. (1959) ; *Pittsburg Plate Glass Co.* v. *N.L.R.B.*, 313 U.S. 146 (1941) ; *American Federation of Labor* v. *N.L.R.B.*, 308 U.S. 401 (1940) ; *Douds* v. *International Longshoremen Ass'n*, 147 F. Supp. 103 (D.C. N.Y. 1956), *aff'd* 241 F. 2d 278; *Rodríguez y Unión de Obreros Independientes de Fajardo*, 1 D.J.R.T. 824, 832 (1950), unless a final order has been entered in an unfair labor practice proceeding based on certified facts in a representation proceeding, such as the refusal to negotiate with a certified union, *General Drivers, Chauffeurs, and Helpers, Local 886 A.F.L.* v. *N.L.R.B.*, 179 F.2d 492 (C.A. 10, 1950) ; *N.L.R.B.* v. *Prudential Ins. Co. of America*, 154 F.2d 385 (C.C.A. 6, 1946) ; *Reilly* v. *Millis*, 144 F.2d 259 (C.C.A. D.C., 1944) *cert. denied* 325 U.S. 879; (*b*) the issuance of complaints and giving notice of a hearing thereon, *Thompson Products* v. *N.L.R.B.*, 133 F.2d 637 (C.C.A. 6, 1943) ; (*c*) the denial to issue a subpoena duces tecum in the course of the preliminary informal investigation of unfair practice charges; *Laundry Workers Intern. Union, Local 221* v. *N.L.R.B.*, 197 F.2d 701 (C.A. 5, 1952) ; (*d*) decertification orders on collective bargaining, *Fitzgerald* v. *Douds*, 167 F.2d 714 (C.C.A. 2, 1948) ; (*e*) orders dismissing a petition for an order of certification, *A. G. M. Workers' Ass'n v. N.L.R.B.*, 117 F.2d 209 (C.C.A. 7, 1940) ; (*f*) orders directing that an election be held to determine whether employees desire certain union as their bargaining agent, *Wilson & Co.* v. *N.L.R.B.*, 120 F.2d 913 (C.C.A. 7, 1941) ; *E. I. Du Pont De Nemours & Co.* v. *N.L.R.B.*, 116 F.2d 388, 401 (C.C.A. 4, 1940) *cert. denied* 313 U.S. 571; and (*g*) orders annuling elections held to determine the bargaining agent, *N.L.R.B.* v. *J. L. Brandeis & Sons*, 145 F.2d

556 (C.C.A. 8, 1944).

Likewise, it has been decided that orders of the Board ratifying that a particular organization is the appropriate unit and establishing an unfair practice, *N.L.R.B.* v. *Swift & Co.*, 162 F.2d 575 (C.C.A. 3, 1947) *cert. denied* 332 U.S. 791; and orders requiring reinstatement of discharged employees with back pay, *N.L.R.B.* v. *Royal Palm Ice Co.*, 201 F.2d 667 (C.A. 5, 1953); *Home Beneficial Life Ins. Co.* v. *N.L.R.B.*, 172 F.2d 62 (C.A. 4, 1949), are subject to review.

In *Lincourt* v. *National Labor Relations Board*, 170 F.2d 306, (C.A. 1, 1948), it was sought to review a determination by the General Counsel of the National Labor Relations Board, refusing to file a complaint in the name of the Board, charging unfair labor practices. In a per curiam opinion, the First Circuit Court of Appeals (Judges Magruder and Woodbury) held that the issuance of a complaint is a matter of administrative discretion, and it was added that "Under the National Labor Relations Act in its original form, 49 Stat. 449, it was clear that the refusal of the Board to issue a complaint was not reviewable in the circuit courts of appeals. See *Jacobsen* v. *N.L.R.B.*, 120 F.2d 96, 100 (3d Cir., 1941). The Labor Management Relations Act of 1947 has effected no change in the jurisdictional language of § 10 now relevant. . . ." [3] It has been likewise held in *General Drivers, etc.* v. *National Labor Relations Board, supra.*

In *Manhattan Const. Co.* v. *National Labor Relations Board*, 198 F.2d 320 (C.A. 10, 1952) charges were presented

---

[3] One of the principal changes introduced in 1947 was to remove from the Board, the power to investigate charges of unfair practices and the issuance of the corresponding complaints, and granting these powers to the attorney of the Board. Nevertheless, this fact does not alter the situation at bar nor the efficacy of the case law which interprets § 10(*f*) of the Labor Management Act of 1947. The difference between the statute interpreted in the *Lincourt* case and the corresponding portion of § 9 of our law is more apparent than real.

against a labor union because, on account of a jurisdictional dispute between two rival unions, the workers withdrew and certain works were held up. Upon due notice to all the parties, a hearing was had at which evidence was introduced and the examining officer submitted a report to the Board. Prior to the filing of the charge, the jurisdictional dispute had been submitted to a board for the settlement of such disputes. In view of that fact, and upon the entire record in the proceeding, the Board ordered its dismissal. The company filed a petition in the court for review of the order of the Board. In dismissing the petition, the Court of Appeals of the Tenth Circuit pointed out that the phrase "final order" subject to review refers *exclusively* to (1) a final order of the Board dismissing a complaint in whole or in part; and (2) an order granting a remedy relating to an unfair labor practice entered under § § 10 (b) and (c) of the Act.

In *Anthony* v. *National Labor Relations Board*, 204 F.2d 832 (C.A. 6, 1953) it is held that a settlement agreement negotiated between union and employer, and approved by the Board, is not a final order subject to review. The fact that the settlement form provides for notice to all employees —a cautionary notice which is generally incorporated in the orders to cease and desist—did not make the order a final order of the Board because the settlement is precisely one of the means which renders unnecessary the formal issuance of a complaint.[4]

It is clear that in considering charges of unfair practices the Board may exercise its administrative discretion in deciding whether or not the corresponding complaint is to

---

[4] See Forkosch, *Judicial Review of N.L.R.B. "Final" Unfair Practice Orders*, 4 Lab. L. J. 787 (1953), where the *Anthony* case is commented; Gardner, *Judicial Review of Preliminary Orders of National Labor Administration Agencies After Leedom* v. *Kyne*, 8 Buf. L. R. 372, 377 (1959). See, also, for a criticism of the legal interpretation of the phrase "final order," Redstone and Sosenbum, *N.L.R.B. Certification—Judicial Review*, 33 Geo. L. R. 471, 481–2 (1945).

be issued. As it is stated in *Jacobsen et al.* v. *N.L.R.B.*, 120 F.2d 96 (C.A. 3, 1941) "The course to be pursued rests in the sound discretion of the Board and is the concern of expert administrative policy. That discretion is not a legal discretion at least in so far that upon the abuse of it the several circuit courts of appeals, might compel the Board to issue a complaint." It seems obvious that if the decision of the Board refusing to issue a complaint on grounds of unfair labor charges were subject to judicial review, not only would the courts be flooded with such petitions for review but in effect the court's opinion would be substituting the uniformly established, developed and well-settled administrative practice of an expert agency. And this would probably lead us to uncertainty in the field of Labor Management Law because of the disparity of views among the different socio-economic philosophies of the judges.[5] See *N.L.R.B.* v. *Barrett Co.*, 120 F.2d 583 (C.C.A. 7, 1941) and *Hourihan* v. *N.L.R.B.*, 201 F.2d 187 (C.A. D.C. 1952) *cert. denied* 345 U.S. 930.

Having reached the conclusion that the action of the Board is not reviewable as a "final order," [6] the dismissal sought lies, and it is not necessary to decide the incident in question on the certification of the record.

Mr. Justice Serrano Geyls did not participate herein.

---

[5] Even in cases where final orders are subject to review, the scope of judicial intervention has been expressly limited when it was provided that: "the findings of the Board as to the facts, if *supported by the evidence*, shall in like manner be conclusive."

[6] Let us make clear that we are not deciding whether under adequate circumstances it is permitted to appeal to the courts in relation to an act of the Board which might be contrary to law, refusing to institute a proceeding.