**PLAPAO LABORATORIES, Inc., et al. v. FARLEY, Postmaster General.**

No. 6872.

United States Court of Appeals for the District of Columbia.

Decided June 7, 1937.

Samuel A. King, Arthur G. Brode, and H. Max Ammerman, all of Washington, D. C., for appellants.

Leslie C. Garnett, U. S. Atty., John W. Fihelly and Howard Boyd, Asst. U. S. Attys., and William C. O'Brien, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the District Court of the United States for the District of Columbia dismissing appellants' bill seeking a permanent injunction to restrain the enforcement of a fraud order theretofore issued by an Acting Postmaster General against appellants.

The cause was heard on bill and answer. In the single assignment of error it is asserted "that the court erred in failing to hold as a matter of law that the Postmaster General of the United States, personally, was an indispensable party at the hearing held at the Post Office Department on, to wit, the 15th day of July, 1935."

The record discloses that a memorandum dated May 31, 1935, signed by Calvin W. Hassell, an attorney in the office of the Solicitor of the Post Office Department, was addressed to the Solicitor charging appellants with conducting a scheme to defraud through the use of the mails in violation of the Act of Congress approved September 19, 1890 (c. 908, 26 Stat. 466), as amended (39 U.S.C.A. §§ 259, 732), and recommending that appellants be called upon to show cause why a fraud order should not be issued against them. A citation issued directing appellants to appear before the Postmaster General on the 28th day of June, 1935, as recommended by the Solicitor's assistant.

On July 15, 1935, the date to which the hearing had been continued, appellants filed an answer to the charges, and appeared with their counsel. At the hearing Walter E. Kelly, the Assistant Solicitor and Acting Solicitor of the Post Office Department, presided. He heard and considered the charges against appellants and received evidence submitted in their behalf, to the end that he would report his findings, with proper analysis of the evidence, to the Postmaster General or to the officer authorized to act in his stead. At the conclusion of the hearing the Acting Solicitor (Kelly) prepared a report, including a summary of the evidence and his recommendation, which report in due course was submitted to Harllee Branch as Acting Postmaster General. A copy of the report was attached as an exhibit to appellee's answer, but because of its length has been omitted from the record. This report, being satisfactory to the Acting Postmaster General, that officer ruled that appellants were using the mails to defraud, and thereupon issued the fraud order here involved.

Sections 3929 and 4041, R.S., as amended (sections 259 and 732, tit. 39, U. S.C.A.), impose upon the Postmaster General the duty and responsibility of determining whether the mails are being used by any person or company in conducting any lottery, gift enterprise, or scheme for the

distribution of money or of any real or personal property by lot or chance, or in conducting any scheme for obtaining any money or property of any kind by means of false or fraudulent pretenses, representations, or promises. If the evidence is satisfactory to him, it is his duty to issue the order. The exercise of this jurisdiction by the Postmaster General does not violate due process, and his decision will not be disturbed unless he "has exceeded his authority, or his action is palpably wrong." Public Clearing House v. Coyne, 194 U.S. 497, 24 S.Ct. 789, 794, 48 L.Ed. 1092; Bates & Guild Co. v. Payne, 194 U.S. 106, 24 S.Ct. 595, 48 L.Ed. 894; Leach v. Carlile, 258 U.S. 138, 42 S. Ct. 227, 66 L.Ed. 511; New v. Tribond Sales Corp., 57 App.D.C. 197, 19 F.(2d) 671.

Appellants do not deny that the Postmaster General is not charged with the personal performance of all the many duties incident to the postal service. The Act of July 27, 1789 (c. 4, 1 Stat. 28), as amended (5 U.S.C.A. § 22), authorizes the head of each department to prescribe regulations not inconsistent with law for the government of his department. Pursuant to this grant of authority, the Postmaster General, in paragraph 8(a), section 10, Postal Laws and Regulations, 1932, delegated to and charged the Solicitor "with the hearing and consideration of cases relating to lotteries and the misuse of the mails in furtherance of schemes to defraud the public." By the provisions of the Postal Regulations (paragraph 8(b), section 10), the Assistant Solicitor is required to perform the duties of the Solicitor during the latter's absence. As alleged in the answer, Walter E. Kelly, the Assistant Solicitor, was Acting Solicitor when he received the evidence in this case and reported his findings with proper analysis of the evidence to the Postmaster General. The procedure followed in this case has been substantially followed for many years. Degge v. Hitchcock, 229 U.S. 162, 33 S.Ct. 639, 57 L.Ed. 1135, a fraud order case in which the same procedure was followed as in the present case.

Appellants confidently rely upon Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 910, 80 L.Ed. 1288, seeking to enjoin the enforcement of an order of the Secretary of Agriculture fixing maximum rates to be charged by market agencies for buying and selling livestock. "The outstanding allegation" in that case "* * * is that the Secretary made the rate order without having heard or read any of the evidence, and without having heard the oral arguments or having read or considered the briefs which the plaintiffs submitted. That the only information which the Secretary had as to the proceeding was what he derived from consultation with employees of the Department." The mere statement of this allegation is sufficient to distinguish the Morgan Case from the present appeal. In the present case the procedure was old, and the Acting Postmaster General considered the evidence. In the Morgan Case the court said: "The Secretary who, according to the allegation, had neither heard nor read evidence or argument, undertook to make the findings and fix the rates. The Assistant Secretary, who had heard, assumed no responsibility for the findings or order, and the Secretary, who had not heard, did assume that responsibility."

Decree affirmed.

Affirmed.