## NATIONAL LABOR RELATIONS BOARD v. INTERNATIONAL TYPOGRAPHICAL UNION et al.

District Court, S. D. New York.
March 19, 1948.

Robert N. Denham, General Counsel to National Labor Relations Board, of Washington, D. C. (David P. Findling and A. Norman Somers, both of Washington, D. C., and James V. Altieri, of New York City, of counsel), for applicant.

Van Arkel & Kaiser, of Washington, D. C. (Gerhard P. Van Arkel and Henry Kaiser, both of Washington, D. C., of counsel), for respondents.

MEDINA, District Judge.

This is a proceeding instituted by the National Labor Relations Board, through its General Counsel, under Section 11(2) of the National Labor Relations Act, as amended, 49 Stat. 449, 29 U.S.C.A. § 141 et seq., for the enforcement of two subpenas. By refusal to respond to the subpena ad testificandum and failure to produce the documents specified in the subpena duces tecum the respondent Woodruff Randolph, individually and as President of International Typographical Union, and the Union itself have challenged the power of the trial examiner to rule on their motions to revoke the subpenas.

Respondents' contention is based upon a literal reading of Section 11(1) which provides that "The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpenas" and upon a petition to revoke a subpena "the Board shall revoke such subpena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpena does not describe with sufficient particularity the evidence whose production is required." Respondents assume that, unless in Section 11 or some other part of the National Labor Relations Act, as amended by the Labor Management Relations Act of 1947, there is given to the Board some authority to "delegate" to trial examiners the power to determine motions to revoke subpenas, no such power exists. Therein lies the fallacy of respondents' reasoning.

Great care was taken by the Congress so to frame the text of the Labor Management Relations Act of 1947 that it would function pari passu with the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., which became effective on September 11, 1946, less than a year before the enactment of the amendments to the National Labor Relations Act. This co-relation was particularly important in the case of the powers of trial examiners because of the separation in the Labor Management Relations Act of 1947 of the prosecutory functions on the one hand and the judicial and quasi-judicial functions on the other. Section 7(b) of the Administrative Procedure Act provides:

"Officers presiding at hearings shall have authority, subject to the published rules of the agency and within its powers, to (1) administer oaths and affirmations, (2) issue subpenas authorized by law, (3) rule upon offers of proof and receive relevant evidence, (4) take or cause depositions to be taken whenever the ends of justice would be served thereby, (5) regulate the course of the hearing, (6) hold conferences for the settlement or simplification of the issues by consent of the parties, (7) dispose of procedural requests or similar mat-

ters, (8) make decisions or recommend decisions in conformity with section 8, and (9) take any other action authorized by agency rule consistent with this Act."

In anticipation it would seem of just such a controversy as is now before the Court, the Congress included in Section 12 of the Administrative Procedure Act the following sentence:

"No subsequent legislation shall be held to supersede or modify the provisions of this Act except to the extent that such legislation shall do so expressly."

There is no contention, nor could there well be, that Section 11 of the National Labor Relations Act as amended in 1947, or that any other provision of the Labor Management Relations Act of 1947 expressly takes from trial examiners the right to issue subpenas and rule upon motions to quash, which are in terms or by necessary implication among the powers of trial examiners, as enumerated in Section 7(b) of the Administrative Procedure Act.

Thus, as the two statutes are to be read together, it seems reasonably clear that the National Labor Relations Board was authorized to formulate rules pursuant to the terms of which trial examiners might issue subpenas and "dispose of procedural requests or similar matters," such as the determination of whether or not, to use the traditional term, subpenas should be quashed. Naturally, the rules thus formulated could touch the issuance and quashing of subpenas only when the Board had been vested by specific legislation with the subpena power. This is the significance of the preliminary phrase in Section 7(b) of the Administrative Procedure Act, "subject to the published rules of the agency and within its powers."

Despite the lengthy debates and the mass of literature, including the Conference Report and others relative to many features of this important legislation (the Labor Management Relations Act of 1947) prior to its ultimate passage and enactment, the attention of the Court has not been directed to any suggestion by anyone that trial examiners should be deprived of the power to pass upon questions affecting subpenas. No reason has been suggested during the argument or in the briefs on this motion why trial examiners should not have powers so salutary and so indispensable to the expeditious conduct of the hearings. Many reasons at once suggest themselves to support the contention that such powers exist; and not the least of these is that, in the absence of such powers, a litigant by the simple expedient of a motion to revoke a subpena might unreasonably delay proceedings until the motion could be disposed of at Washington by the Board or three members thereof convened for the purpose. An accumulation of such motions to revoke subpenas, whether the result of mere chance or of a concerted effort to sabotage the functioning of the National Labor Relations Board under the terms of the Labor Management Relations Act of 1947, would perhaps bring the entire machinery of the National Labor Relations Board to a standstill.

A careful examination of the Conference Report and the general literature on the subject reveals that the one substantial subject of debate relative to subpenas had to do with the question of whether or not subpenas should be issued, as was the case under the pre-existing law, only after a showing of the general relevance and reasonable scope of the evidence sought and, if the subpenas called for the production of documents, a showing that the documents were specified with such particularity as to enable them to be identified for purposes of production. The argument which ultimately prevailed was that subpenas should be issued "forthwith" and as a matter of course, leaving for determination later, on a motion to revoke, all questions of general relevance and reasonable scope and, in the case of documents, the question of sufficient identification. Accordingly, Section 11 confers upon the "Board, or any member thereof" the power "forthwith" to issue subpenas "upon application of any party;" and it is provided that the person served with such subpena may move to revoke the subpena if the evidence does not relate to any matter under investigation or in question, or if the subpena duces tecum "does not describe with sufficient particularity the evidence whose production is required."

Nothing in this Section, or in any of the other sections of the Labor Management Relations Act of 1947 purports to take away from trial examiners the powers given by Section 7(b) of the Administrative Procedure Act.

The opinion of the Court in Cudahy Packing Co. v. Holland, 315 U.S. 357, 62 S.Ct. 803, 86 L.Ed. 1191 (cf. Fleming v. Mohawk Co., 331 U.S. 111, 67 S.Ct. 1129), does not in the slightest militate against the conclusion arrived at here. The question in the Cudahy case was whether the administrator had the power to delegate to regional directors the function of signing and issuing subpenas. Here the question is whether the power to issue and pass upon the validity and sufficiency of subpenas, which was given to trial examiners by the Administrative Procedure Act, was rescinded by the amendments to the National Labor Relations Act contained in the Labor Management Relations Act of 1947. Were there some doubt that the National Labor Relations Board had "within its powers" the subject of the issuance and revocation of subpenas, the situation would be different. As such authority is plainly "within its powers," Section 7(b) of the Administrative Procedure Act is applicable.

The Rules and Regulations, Series 5, of the National Labor Relations Board, effective August 22, 1947, are most carefully integrated with the provisions of the Administrative Procedure Act and the Labor Management Relations Act of 1947 above referred to. Thus for administrative purposes, and despite the fact that trial examiners might have been authorized to issue subpenas, Section 203.31 provides that "Any member of the Board shall, on the written application of any party, forthwith issue subpenas." This is in accordance with the intention of the Congress, as above described. There is to be no preliminary showing of relevance or the sufficiency of identification of documents; the subpenas must issue forthwith. With reference to the revocation of subpenas, as prescribed in the Labor Management Relations Act of 1947, the Rules and Regulations are explicit and comprehensive and thoroughly fair and reasonable. Petitions for the revocation of subpenas are required by Section 203.31(b) to be "filed with the regional director and the regional director shall refer the petition to the trial examiner of the Board for ruling." Thus, where the matter is of general importance or applicability, or for any other proper reason, the decision of the motion to revoke may be referred to the Board. If referred to the trial examiner, Section 203.31(b) provides that the trial examiner shall revoke the subpena if the evidence does not relate to any matter under investigation or in question or if the subpena does not describe with sufficient particularity the evidence whose production is required. Furthermore, it is provided by Section 203.26 that an appeal from a ruling by the trial examiner on a motion to revoke a subpena may be taken directly to the Board, "by special permission of the Board."

Were Section 11(1) of the Labor Management Relations Act of 1947 to be interpreted in the manner claimed by respondents, and without reference to Section 7(b) of the Administrative Procedure Act, the result might well be a most burdensome and unnecessary deluge of motions to revoke subpenas and the Board, in many if not most cases, would find it impossible to determine such motions on the merits without procuring lengthy transcripts of proceedings before trial examiners, together with copies of voluminous documents and exhibits. In the absence of clear language to that effect, it is not to be supposed that the Congress intended to involve the National Labor Relations Board in such a morass of procedural detail.

Respondents also claim that this proceeding is improperly brought because the application is signed by the general counsel to the National Labor Relations Board and verified by him. As Section 11(2), as amended, provides that this Court may "upon application by the Board" grant such an application as is here made, it is asserted that the authority to make and file such an application cannot be "delegated" to the general counsel. Upon the basis of this reasoning, it is claimed that Section 203.31(d) of the Rules and Regulations, Series 5, effective August 22, 1947, which authorizes the general counsel to institute

such proceedings, is unlawful and ineffective. This point does not merit any extended discussion. I agree with the reasons stated by Judge Swygert who rejected a similar contention in Jack G. Evans, as Regional Director of the National Labor Relations Board v. International Typographical Union et al., D.C.S.D.Ind., Indianapolis Div., 76 F.Supp. 881, which involved a proceeding for an injunction under Section 10(j) of the National Labor Relations Act, as amended.

Application granted.

Settle order on notice.