NATIONAL LABOR RELATIONS BOARD, Appellant,

v.

D. B. LEWIS, President, Lewis Food Company; Henry Mello; Maynard (Mac) Folden; Grammont Banville; Joe Loera; Anastacio Holquin; William L. (Roy) Miller; Otto Schubert; Walter O. Lisser; and Walter Schmidt, Secretary-Treasurer of Association of Independent Workers of America, Appellees.

No. 15307.

United States Court of Appeals Ninth Circuit.

Oct. 29, 1957.

Kenneth C. McGuiness, General Counsel, Stephen Leonard, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, N.L.R.B., Washington, D. C., Owsley Vose, Melvin Pollack, Attorneys, N.L.R.B., Washington, D. C., for petitioner.

Hill, Farrer & Burrill, Ray L. Johnson, Jr., William H. Wilson, G. A. Sheppard, Alva C. Baird, Los Angeles, Cal., for respondents.

Before FEE, BARNES and HAMLEY, Circuit Judges.

BARNES, Circuit Judge.

The National Labor Relations Board appeals from an order of the District Court denying enforcement to certain subpoenas duces tecum and ad testificandum purportedly issued by the Board and directed to the appellees.

On April 30, 1956, the General Counsel, by the Regional Director in Los Angeles, California, filed a consolidated complaint against the Lewis Food Company and the Association of Independent Workers of America, alleging that the company and the union were engaging in various unfair labor practices in violation of the Labor-Management Relations Act of 1947 (hereafter "Act"). Pursuant to the written request of counsel for the General Counsel, the Regional Director, acting under Section 11(1) of the Act, 29 U.S.C.A. § 161(1); issued the subpoenas in question under the seal of the Board and the facsimile signature of Abe Murdock, a member of the Board. Appellees filed petitions to revoke the subpoenas with the Regional Director prin-

cipally on the grounds that (1) the Board lacked authority to delegate its power to issue subpoenas to the Regional Director, and (2) counsel representing the General Counsel is not a "party" to an unfair labor practice proceeding and therefore is not entitled to the issuance of subpoenas. The Regional Director referred the petitions to the trial examiner. The trial examiner refused to quash the subpoenas. Appellees remained adamant in their determination not to comply with the subpoenas. The Board then filed with the court below an application for an order requiring appellees to obey the subpoenas. The unfair labor practice proceeding was continued pending the disposition of this matter. The appellees resisted enforcement of the subpoenas on the two grounds stated above, and additionally, on the ground that the trial examiner lacked authority to pass upon their petitions. The court below sustained their position without opinion, citing only the decision in National Labor Relations Board v. Pesante, D.C.S.D.Cal., 119 F.Supp. 444.

There are three questions raised by this appeal. (1) Does the Board have authority under the Act to delegate to its subordinate, the Regional Director, the power to issue subpoenas? (2) Does the trial examiner have authority to rule on petitions to revoke subpoenas? (3) May a valid subpoena be issued at the request of counsel for the General Counsel?

Board counsel conceded on oral argument that the Board must prevail on all three issues to gain a reversal. Each issue turns on the meaning of Section 11 (1) of the Act.[1] They will be discussed in the order stated above.

## I. Delegation of Power to Issue Subpoenas

Section 11(1) provides that the "Board, or any member thereof" may issue subpoenas. Appellees' argument, in essence, is that the section means what it says, the Congress knew how to make the power delegable if it wanted to do so as evidenced by other portions of Section 11(1) authorizing the Board or "its duly authorized agents or agencies" to perform certain functions, and that Congress' failure to make the power expressly delegable manifests an intention that it be non-delegable.

This question and the next one relating to the delegation of power to pass on petitions to revoke subpoenas pose similar problems of statutory construction. The basic problem, and a frequently recurring one in modern times, is to ascertain whether when a particular power is granted to a person or body of persons, the power is delegable to subordinates, and if delegable at all, to which subordinates it is delegable.

1. It provides: Sec. 11. "For the purpose of all hearings and investigations, which, in the opinion of the Board, are necessary and proper for the exercise of the powers vested in it by section 9 and section 10–(1). The Board, or its duly authorized agents or agencies, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to any matter under investigation or in question. The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas requiring the attendance and testimony of witnesses or the production of any evidence in such proceeding or investigation requested in such application. Within five days after the service of a subpoena on any person requiring the production of any evidence in his possession or under his control, such person may petition the Board to revoke, and the Board shall revoke, such subpoena if in its opinion the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its opinion such subpoena does not describe with sufficient particularity the evidence whose production is required. Any member of the Board, or any agent or agency designated by the Board for such purposes, may administer oaths and affirmations, examine witnesses, and receive evidence. Such attendance of witnesses and the production of such evidence may be required from any place in the United States or any Territory or possession thereof, at any designated place of hearing."

In each instance in the case at bar Section 11(1) explicitly empowers only the Board, or a member thereof, to perform certain functions. Nowhere does the Act make the particular powers delegable, but neither does it anywhere expressly prohibit delegation. Does this silence indicate prohibition or permission?

There is no short and automatic answer to this difficult and complex but very practical question. There is not even the frequently found presumption with which to tilt the scales. The determination of the question calls for a studied consideration of the Act, its legislative history, and its legislative objectives.

■■ We start the journey, as with all statutes, by examining the literal wording of the section. The language of a statute is the best and most reliable index of its meaning. Where the language is clear and unequivocal it is determinative unless the literal language does not comport with the intent and objectives of the statute viewed as a whole. However, where as in the instant cause, the statute is completely silent on the point in question, it is necessary to analyze that statute as a whole, and its history and purposes, to ascertain what interpretation must be ascribed to the silence.

■ In regard to the delegability of the Board's subpoena issuing power to a Regional Director, no court which has considered this question has construed Section 11(1) of the Act in the narrow and restricted manner appellees urge upon us. On the contrary, all courts which have passed on the merits of this issue have interpreted the statute as empowering the Board to delegate the subpoena power. The leading decision on this precise point is National Labor Relations Board v. John S. Barnes Corp., 7 Cir., 178 F.2d 156, where the Court held that a subpoena issued by a Regional Director under the facsimile signature of a Board member is valid. That decision has had the subsequent approval of the Fifth Circuit. Edwards v. National Labor Relations Board, 5 Cir., 189 F.2d 970; Jackson Packing Co. v. National Labor Relations Board, 5 Cir., 204 F.2d 842. Even the Pesante decision, supra, held in favor of the Board on this question. The opinion in the Barnes case is sound and well-reasoned. It is fully consonant with the policies and purposes of the Act. Appellees put forth no reasons which persuade us that these cases are erroneous and should be disapproved. Therefore, we hold that subpoenas may validly be issued by a Regional Director under the facsimile signature of a Board member.

There is nothing in the Supreme Court opinions in Cudahy Packing Co. v. Holland, 315 U.S. 357, 62 S.Ct. 651, 86 L.Ed. 895, and Fleming v. Mohawk Wrecking & Lumber Co., 331 U.S. 111, 67 S.Ct. 1129, 91 L.Ed. 1375, which compels a different result or casts doubt upon the validity of our resolution of this issue. Those cases are not controlling. The Cudahy decision merely held that the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. did not grant the Administrator the power to delegate his subpoena power to subordinates, while on the other hand, the Mohawk case held that the Administrator of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq. was authorized to delegate the authority to issue subpoenas. Each of those cases involved the construction of a statute different from that which concerns us. Accordingly, those decisions, one upholding the delegability of this power and the other denying it, do not govern the instant case.

## II. Delegation of Power to Revoke Subpoenas

Section 11(1) states in pertinent part that "The Board, or any member thereof, shall upon application of any party to such proceedings, forthwith issue to such party subpoenas" and that the person to whom the subpoena is directed "may petition the Board to revoke, and the Board shall revoke, such subpoena" if the evidence sought is not relevant or is not described with sufficient particularity.

The trial examiner, not the Board, denied appellees' petitions to revoke the subpoenas. It was his action which was reviewed by the court below. If he lacked authority to pass on these petitions, then there has been no review of this matter by the proper administrative body. If such be the posture of these proceedings, it was premature to bring these proceedings before the court below before the proper and duly constituted body had passed on the petitions. Thus, if appellees' position be sustained on this point, the order denying enforcement must be affirmed.

The court below relied solely on the Pesante decision. There it was held that only the Board itself is authorized by Section 11(1) to sit on petitions to revoke subpoenas. The Fifth Circuit in National Labor Relations Board v. Duval Jewelry Co., 243 F.2d 427, agreed with the Pesante decision insofar as subpoenas duces tecum are concerned. In respect to subpoenas ad testificandum, the Fifth Circuit held that since Section 11(1) on its face makes no provision as to procedure to test the validity of subpoenas of this type, application for their enforcement cannot be considered premature even if initially reviewed by a trial examiner.[2]

The Seventh Circuit takes a different view. In National Labor Relations Board v. Gunaca, 7 Cir., 230 F.2d 542, it affirmed, on the opinion below, N.L.R.B. v. Gunaca, D.C., 135 F.Supp. 790, a decision upholding the right of a trial examiner to pass on petitions to revoke subpoenas.[3] Both the Court of Appeals and the District Court in the Gunaca case considered the Pesante case, and the considerations therein set forth, and refused to follow. This is also the position taken by then District Judge Medina in National Labor Relations Board v. International Typographical Union, D.C., 76 F.Supp. 895. For the reasons hereinafter set forth, we believe that this is the correct view.

The approach taken in the Pesante and Duval cases is that the Act itself bars delegation. We find no such preclusion. Certainly there is no express negation of the power to delegate. The Act sanctions the Board to rule on these petitions; but it does not expressly forbid the Board to delegate this function. Nor do we feel it mandatory to imply such an intent. The Congressional history, though somewhat favorable to appellees' position, is realistically meager and inconclusive.[4] The Act was discussed prolifically in Congress, but the delegability of powers granted by Section 11(1) was not. We concur in Judge Grubb's statements in the Gunaca case, supra, 135 F. Supp. at page 794:

"It would seem to this Court that one should be very slow to presume that the Congress intended to enact a statute which would require a review of testimony possibly two or three thousand miles from the place

2. We need not pass on the validity of this distinction in light of our resolution of this issue.

3. See, also, N.L.R.B. v. John S. Barnes Corp., supra.

4. The original House Bill, H.R. 3021, provided that a person to whom a subpoena had been directed could "petition the Board, or its duly authorized agent or agents, to revoke and the Board, or such agent or agents, shall revoke such subpoena if in its, his, or their opinion, as the case may be, the evidence whose production is required does not relate to any matter under investigation, or any matter in question in such proceedings, or if in its, his, or their opinion, as the case may be, such subpoena does not describe with sufficient particularity the evidence whose production is required." The original Senate Bill, S. 1126, contained no provision dealing with petitions to revoke subpoenas. The Section as finally approved was essentially the House version with the express delegation of power to pass on petitions to revoke subpoenas deleted. Whether this revision was made because it was felt that the added language was superfluous or because Congress doubted the wisdom of granting this power to anyone other than the Board itself, is not disclosed by the Committee or Conference reports or Congressional debates. Taken alone, the change of language, while helpful to appellees, is not persuasive.

where testimony was taken after having it transcribed with all the attendant delays and expense in proceeding before the N.L.R.B. that would be involved. Such construction would make it impossible as a practical matter for the N.L.R.B. to carry out its functions. Certainly they couldn't carry them out expeditiously as Congress no doubt intended. Labor peace or proper labor relations would be sacrificed to innumerable administrative delays. * * * Such construction would put an impossible burden upon the Board."

The Court of Appeals approves Judge Grubb's "well reasoned opinion," considers his conclusions sound, and his result correct.

The N.L.R.B. was established to facilitate the peaceful settlement of labor disputes. The practical difficulties in administration which would arise as a consequence of holding that the power to rule on petitions to revoke subpoenas is non-delegable would substantially impede the effectuation of the Board's primary function. Accordingly, it is unreasonable to attribute to Congress an intention to compel such a result.

If the power to delegate has not been withdrawn, as we believe it has not, has it been granted affirmatively?

The Mohawk decision supplies the answer to that question. There, as here, the particular statute in question contained a broad rule-making power. Section 201(d) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 921(d) provided:

"The Administrator may, from time to time, issue such regulations and orders as he may deem necessary or proper to carry out the purposes and provisions of this Act."

Addressing itself to the question of whether this Section could be relied upon as a basis for delegating certain functions, the Supreme Court said, 331 U.S. at page 121, 67 S.Ct. at page 1134:

"Such a rule-making power may itself be an adequate source of authority to delegate a particular function, unless by express provision of the Act or by implication it has been withheld. See Plapao Laboratories v. Farley, 67 App.D.C. 304, 92 F.2d 228."

Section 6 of the Labor-Management Relations Act, 29 U.S.C.A. § 156 vests the Board with as much rule-making authority as that possessed by the Administrator under the E.P.C.A. It reads:

"The Board shall have authority from time to time to make, amend, and rescind, in the manner prescribed by the Administrative Procedure Act, such rules and regulations as may be necessary to carry out the provisions of this subchapter."

Acting pursuant to this authority, the Board promulgated, in Section 102.35 of its Rules and Regulations, the rule that "the trial examiner shall have authority * * * (c) to rule upon petitions to revoke subpoenas."

■■ We hold that this rule of procedure is within the legitimate purview of the Board's power under Section 6 of the Act. The Board, of course, may not enlarge its authority beyond the scope intended by Congress, but the Board, where such restrictive intention is not shown, may adopt rules and regulations to carry out its myriad functions in a manner consistent with the fulfillment of the purposes of the Act. This is exactly what has been done here.

III. *General Counsel As a Party to an Unfair Labor Practice Proceeding*

We come then to the third question tendered by this appeal. Appellees assert that the General Counsel (or his representative) is not a party to an unfair labor practice proceeding and hence cannot obtain the issuance of subpoenas.

The term "party" is not defined in the Act. The definition contained in the Administrative Procedure Act is not de-

cisive.[5] Again, we resort to related provisions, and the policies of the Act.

This Court has declared that "in its broadest meaning the word 'party' includes one concerned with, conducting or taking part in any matter or proceeding, whether he is named or participates as a formal party or not." Fong Sik Leung v. Dulles, 9 Cir., 226 F.2d 74, 81. Is the General Counsel under the Act a "party" to an unfair labor practice proceeding for purposes of securing the issuance of subpoenas?

■■ The 1947 amendments to the National Labor Relations Act expanded the authority and enhanced the status of the General Counsel in connection with the conduct of unfair labor practice proceedings.

> "By § 3(d), supra, the authority formerly exercised by the Board to investigate charges and to issue complaints under § 10 was vested in the general counsel. The well-understood purpose of Congress here was to effect a separation of the prosecuting and adjudicating functions within the Board." Haleston Drug Stores v. National Labor Relations Board, 9 Cir., 187 F.2d 418, 421.

By virtue of § 3(d), 29 U.S.C.A. § 153 (d), the General Counsel has "final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 10, and in respect of the prosecution of such complaints before the Board." His decision on whether to issue a complaint charging an unfair labor practice is final and is not reviewable by either the Board or the courts. Lincourt v. National Labor Relations Board, 1 Cir., 170 F.2d 306; Hourihan v. National Labor Relations Board, 91 U.S.App.D.C. 316, 201 F.2d 187; Anthony v. National Labor Relations Board, 6 Cir., 204 F.2d 832. If he decides to direct issuance of a complaint, it is his responsibility to prosecute the matter. In this role also he exercises broad powers. International Union, etc. v. National Labor Relations Board, 9 Cir., 231 F.2d 237, 242. Here then is an official who has life-or-death authority over the initiation of an unfair labor practice proceeding and who, if he determines that such proceedings should be commenced, is entrusted with the task of prosecution. Yet appellees urge that this official lacks authority to apply for the issuance of a subpoena. The argument is untenable.

The Pesante and Duval cases are neither contrary nor apposite. Both involved the question of whether a Regional Director was a party to a representative hearing, as distinguished from an unfair labor practice proceeding.[6] A Regional Director's duties in respect to representative hearings are far different from those the General Counsel performs in connection with unfair labor practice proceedings.

■ One point remains. It is that counsel for the General Counsel, not the General Counsel himself, sought the subpoenas. No citation of cases is necessary to restate the rule that in legal contemplation counsel representing counsel occupies the identical legal status of the person he represents. Therefore, if the General Counsel could apply for the issuance of subpoenas, as we have held, counsel representing him could also do so validly.

The order of the District Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

---

5. Section 2(b) of the A.P.A. defines "party" as follows:
   " 'Party' includes any person or agency named or admitted as a party, or properly seeking and entitled as of right to be admitted as a party, in any agency proceeding." 5 U.S.C.A. § 1001(b).

6. In Pesante the court held that a Regional Director was not a "party" in a representative hearing within the meaning of Section 11(1) of the Act and therefore was not entitled to the issuance of a subpoena. The Fifth Circuit, in the Duval case held directly contrary to Pesante and expressly rejected the reasoning in the latter opinion. Of course, we need not decide between the opposing views in the case at bar.