AMERICAN METAL PRODUCTS COMPANY, Plaintiff-Appellant,

v.

John J. A. REYNOLDS, Jr., Regional Director, 26th Region, National Labor Relations Board, Defendant-Appellee.

No. 15326.

United States Court of Appeals
Sixth Circuit.

June 1, 1964.

Cross, Wrock, Miller, Vieson & Kelley, Douglas D. Roberts and Thomas Glenn

Sawyer, Detroit, Mich., on the brief, for appellant.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Solomon I. Hirsh, Ira M. Lechner, Attys., N. L. R. B., Washington, D. C., for appellee.

Before MILLER and CECIL, Circuit Judges, and KENT, District Judge.

PER CURIAM.

Following the expiration of the collective bargaining agreement between the plaintiff-employer, American Metal Products Company, and the Union, the Union called a strike on November 14, 1961. The plaintiff hired permanent replacements for approximately 333 of the 388 strikers. The strike was accompanied by mass picketing and violence until an injunction was obtained in the local courts on January 20, 1962. On January 26, 1962, the Union served upon plaintiff a formal notice of its termination of the strike, in which all of the former strikers unconditionally offered to return to work. The plaintiff recalled 14 of the strikers. Collective bargaining negotiations continued, but were unsuccessful. On February 28, 1962, the plaintiff petitioned the National Labor Relations Board that a representation election be conducted among its employees. On March 1, 1962, the Union resumed its picketing and the 14 employees who had been recalled rejoined the strike on March 2, 1962.

The Board conducted the election on November 9, 1962. It ruled that the strike which began on November 14, 1961, was not terminated or abandoned on January 26, 1962, but was still in effect and that the replaced strikers fulfilled the voting eligibility requirements imposed by Section 9(c) (3) of the Act. The plaintiff challenged these ballots, which were sealed and not counted pending a determination of the validity of the challenges. On November 16, 1962, the plaintiff filed the present action in the United States District Court to enjoin the defendant-appellee, District Director of the National Labor Relations Board, from opening or counting the challenged ballots. The complaint charges that the Board acted illegally and in excess of the power granted to it under the Act in ruling that all former strikers were eligible to vote in the election, notwithstanding the fact that they had abandoned and terminated their strike on January 26, 1962, and were, accordingly, clearly not eligible to vote under Section 9(c) (3) of the Act.

The District Judge dismissed the complaint for lack of jurisdiction, relying principally upon Dunn v. Retail Clerks International Ass'n AFL–CIO, 307 F.2d 285, 288, C.A.6th. The ruling is supported by our later decision in Eastern Greyhound Lines v. Fusco, 310 F.2d 632, 635, C.A.6th. See also: Evarts v. Western Metal Finishing Co., 253 F.2d 637, 639, C.A.9th, cert. denied, 358 U.S. 815, 79 S.Ct. 23, 3 L.Ed.2d 58, rehearing denied, 358 U.S. 939, 79 S.Ct. 310, 3 L.Ed.2d 310.

Appellant contends that the judgment should be reversed on the authority of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210. It was held in that case that although Section 10(f) of the Act provides that exclusive review on the application of a person aggrieved of final orders of the Board is vested in the Court of Appeals, the District Court had jurisdiction to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act. See: American Federation of Labor v. N.L.R.B., 308 U.S. 401, 412, 60 S.Ct. 300, 84 L.Ed. 347; Greyhound Corporation v. Boire, 205 F. Supp. 686, affirmed, 309 F.2d 397, C.A. 5th. It is recognized that the ruling in Leedom v. Kyne, supra, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, is an exception to the general rule that the District Court has no jurisdiction to review or to enjoin orders or proceedings of the Board. McLeod v. Local 476, etc., 288 F.2d 198, 201, C.A.2nd.

Subsequent to the appeal in this case the Supreme Court on March 23, 1964, reversed the ruling in the Boire case, supra, and held under a factual situation

similar to the one existing in this case, that the District Court had no jurisdiction to enjoin the Regional Director of the Labor Board from conducting a representation election on the ground that he acted erroneously in determining the eligibility of certain employees to vote in the election. The Court in its opinion in that case also pointed out that the exception to this well established general rule, which it recognized in Leedom v. Kyne, supra, 358 U.S. 184, 79 S.Ct. 180, is very narrow and was not applicable to a case like the present one.

On the authority of Boire v. The Greyhound Corporation, supra, 84 S.Ct. 894, the judgment of the District Court is affirmed.