**UNITED ELECTRICAL CONTRACTORS ASSOCIATION et al., Plaintiffs,**

**v.**

**Arnold ORDMAN et al., Defendants.**

**No. 64 Civ. 3565.**

United States District Court
S. D. New York.

May 28, 1965.

Leon Brickman, Brooklyn, N. Y., for the United.

Sidney Danielson, Region 2, N. L. R. B., New York City, Dominick L. Manoli, Associate General Counsel, N. L. R. B., Washington, D. C., for Ordman.

CANNELLA, District Judge.

Motion by the defendants, pursuant to Rule 12 of the Federal Rules of Civil Procedure, for an order dismissing the complaint on the grounds that this court lacks jurisdiction over the subject matter of the action and that the complaint fails to state a claim upon which relief can be granted, is granted. In view of the court's determination, the defendant's motion in the alternative for summary judgment pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure and the plaintiffs' cross-motion for summary judgment are not discussed.

At various times between March 28, 1963 and June 19, 1964, the plaintiffs filed unfair labor practice charges with the Regional Office for the Second Region of the National Labor Relations Board in New York. The charges asserted that Local 3 and Local 25 of the International Brotherhood of Electrical Workers, and Local 28, Sheet Metal Workers Union, AFL–CIO, had violated Section 8(b) (4) (i) (ii) (B) and Section 8(b) (7) (A) and (C) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 541, 29 U.S.C.A. § 151 et seq.) by picketing and other conduct engaged in at certain construction sites at which the various plaintiffs were engaged as electrical contractors. In each instance, the charge was investigated in accordance with the procedural rules and

regulations of the Board to determine whether violations of the N.L.R.A. had been committed.

The investigations disclosed that in certain instances the picketing was conducted in accordance with principles of applicable law and that in certain others the effect of the picketing was minimal. On the latter charges, it was determined that it would not effectuate the policies of the Act to issue a complaint. In investigating other charges, insufficient probative evidence was adduced to sustain a finding of a violation. In accordance with these findings, the Regional Director refused to issue complaints on these charges. The plaintiffs were notified of this action. It should be noted that in one case a complaint was issued but was subsequently withdrawn when the principal witness recanted testimony given during the initial investigation and other evidence adduced was found to be erroneous.

In each case, the charging party, plaintiffs here, requested review by the General Counsel. Following a review *de novo,* the General Counsel sustained the Regional Director's rulings. Thus, no complaints were issued.

The plaintiffs instituted action in the Southern District seeking a declaratory judgment setting forth their rights under the N.L.R.A. and a mandatory injunction to compel the General Counsel to issue unfair labor practice complaints on the charges filed by the plaintiffs before the Regional Office. In substance, the plaintiffs seek a review of the actions of both the Board and the General Counsel in their refusal to issue complaints. In light of the procedure outlined in the Act, the court will treat the suit as brought against the General Counsel only since he has final authority on behalf of the Board in the issuance of complaints in unfair labor practice cases. See Section 3(d) of the Act, 29 U.S.C.A. § 153 (d).

The parties have presented to the court, in affidavit form, detailed information concerning each charge submitted to the Board. Due to the court's ruling noted above, discussed infra, no mention need be made of the substantive nature of the conduct of the charged parties and the determination made by the Regional Director and the General Counsel.

The National Labor Relations Act provides that the General Counsel shall exercise general supervision over the officers and employees in the regional offices. 29 U.S.C.A. § 153(d). In addition, the General Counsel " * * * shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 10 [unfair labor practices] and in respect of the prosecution of such complaints before the Board * * *." 61 Stat. 139, 29 U.S.C.A. § 153(d). The General Counsel has delegated authority to the Regional Directors to issue such complaints. 29 C.F.R. Section 102.15. Any refusal of a Regional Director to issue a complaint may be appealed to the General Counsel. 29 C.F.R. Section 102.19. The plaintiffs duly appealed the Regional Director's refusal to issue complaints to the General Counsel. Since the N.L.R.A., on its face, does not provide for an appeal of the General Counsel's determination, the question is whether another provision of the Act or some other authority exists for judicial review of the General Counsel's actions.

Section 10(f) of the Act (29 U.S.C.A. § 160(f)) provides that an aggrieved party may obtain review of final orders of the Board in the appropriate circuit court of appeals or in the court of appeals for the District of Columbia. It is clear, however, that the plaintiffs would be unable to petition the circuit court for review of the General Counsel's refusal, for the said refusal is not a final order within the meaning of the Act. Lincourt v. N. L. R. B., 170 F.2d 306 (1st Cir. 1948). See Wellington Mill Division, West Point Mfg. Co. v. N. L. R. B., 330 F.2d 579 (4th Cir.), cert. denied 379 U.S. 882, 85 S.Ct. 144, 13 L.Ed.2d 88 (1964); General Drivers, etc. v. N. L. R. B., 179 F.2d 492 (10th Cir. 1950). As the First Circuit stated in Lincourt, "[W]e agree with the Board that the phrase 'a

final order of the Board' as used in this subsection 'refers solely to an order of the Board either dismissing a complaint in whole or in part or directing a remedy for the unfair labor practices found, that is to an order entered as the culmination of the procedure described in Section 10 (b) and (c) of the Act, as amended'." 170 F.2d at 307. It is therefore clear that were the relief requested here sought in the circuit court, the plaintiffs' petition would be dismissed. See Anthony v. N. L. R. B., 204 F.2d 832 (6th Cir. 1953); Lincourt v. N. L. R. B., supra.

The crucial problem thus reached is whether a district court may entertain a suit the consequence of which is a review of the discretionary power given to the General Counsel in the issuance of complaints relating to unfair labor practices. It is clear to the court that no such suit may be maintained and that the refusal of the General Counsel to issue a complaint may not be reviewed by this court. This court lacks jurisdiction over the subject matter of the action and the plaintiffs' complaint fails to state a claim upon which relief may be granted. In Hourihan v. N. L. R. B., 201 F.2d 187 (1952), cert. denied 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1359, 91 U.S.App.D.C. 316 (1953), the plaintiff sought a writ of mandamus in the district court to compel the Board to issue a final order with respect to certain charges of unfair labor practices. The district court dismissed the petition on the grounds that the court lacked jurisdiction over the subject matter and that the petition failed to state a claim upon which relief could be granted. The court of appeals affirmed stating at 201 F.2d 188: "The Board cannot issue an order until the General Counsel issues a complaint. A court has no power to order the General Counsel to issue a complaint (footnote omitted) and no power to require the Board to issue an order in a matter which is not before the Board." While the court stated reservations over the complete immunity of the General Counsel from review (footnote 4 at 188), further decisions of the District of Columbia Circuit as well as other courts of appeals leave little doubt that the General Counsel's refusal cannot be questioned.

Retail Store Employees Union Local 954, etc. v. Rothman, 112 U.S.App.D.C. 2, 298 F.2d 330 (1962) reaffirmed the principles announced in Hourihan. In Retail Store Employees, the plaintiff sought a mandatory injunction to require the General Counsel to issue a complaint. On motions identical to those made in the instant case, the district court dismissed the action. The court of appeals affirmed quoting the Hourihan holding. While the court reasserted the Hourihan reservation (footnote 1 at 332), it was apparently limited in its scope. "The courts should not be asked to take over the work of the General Counsel's office, or to scrutinize his decisions in matters of the present kind, *except perhaps in the most extreme situations*. This is certainly not such a situation and should not have been the subject of litigation in the courts." (Emphasis added.) 298 F.2d at 332.

Mandatory injunctive relief was once again sought in Dunn v. Retail Clerks International Ass'n, AFL–CIO, 307 F.2d 285 (6th Cir. 1962). The district court held that the complaint failed to state a cause of action and the court of appeals affirmed. After a review of the statutory scheme in the charge of unfair labor practices, the court stated: "The General Counsel has a wide discretion in determining whether a complaint should issue and the Act provides no appeal from his decision." (Citation omitted.) 307 F.2d at 288. It was noted that Section 10 (f) of the Act provided for appellate review of final orders but that "[N]o other jurisdiction is granted by the Labor Acts for an employer to petition for relief in the District Courts." Supra at 288.

In Division 1267, Amal. Ass'n of Street, El. Ry., etc. v. Ordman, 116 U.S. App.D.C. 7, 320 F.2d 729 (1963), the General Counsel had found insufficient basis for the issuance of complaints. The charging party brought suit in the district court for a judgment that the charged parties were not exempt from the

coverage of the Act. The district court dismissed the complaint on the ground that it lacked jurisdiction over the subject matter of the action. The court of appeals in affirming the district court stated: "The Act gives the General Counsel discretion, independent of the courts, regarding charges of unfair labor practices." 320 F.2d at 730. While the affirmance was based on the fact that the complaint failed to state a claim upon which relief could be granted, it was clear that the refusal of the General Counsel was immune from review.

Other circuit courts have had an opportunity to comment on this question, most recently the Second Circuit in Local 282, International Bro. of Teamsters, etc. v. N. L. R. B., 339 F.2d 795 (2 Cir. 1964).

> The Board, or since 1947 the General Counsel, § 3(d), thus is *dominus litis;* the General Counsel has power to decide whether to issue a complaint, Lincourt v. N. L. R. B., 170 F.2d 306 (1 Cir. 1948) * * * His statutory authority "in respect of the prosecution of such complaints before the Board" must include the power to determine whether a complaint can be successfully prosecuted and, if he thinks not, to drop it; * * * 339 F.2d at 799.

This court may not entertain the plaintiffs action for a review of the General Counsel's determination. Division 1267, Amal. Ass'n of Street, El. Ry., etc. v. Ordman, supra; Dunn v. Retail Clerks International Ass'n, AFL–CIO, supra; N. L. R. B. v. Lewis, 310 F.2d 364 (7th Cir. 1962); Retail Store Employees Union Local 954, etc. v. Rothman, supra; International Union of Electrical, Radio & Machine Workers, AFL–CIO v. N. L. R. B., 110 U.S.App.D.C. 91, 289 F.2d 757 (1960); Bandlow v. Rothman, 108 U.S.App.D.C. 32, 278 F.2d 866 (1960); N. L. R. B. v. Lewis, 249 F.2d 832 (9th Cir. 1957), aff'd 357 U.S. 10, 78 S.Ct. 1029, 2 L.Ed.2d 1103 (1958); Hourihan v. N. L. R. B., supra; Lincourt v. N. L. R. B., supra. See American Metal Products Co. v. Reynolds, 332 F.2d 434 (6th Cir. 1964); General Drivers, etc. v. N.

L. R. B., supra. See generally, N. L. R. B. v. Indiana & Michigan Electric Co., 318 U.S. 9, 63 S.Ct. 394, 87 L.Ed. 579 (1943).

Mention should be made of exceptions in an analogous situation. In McLeod v. Local 476, United Brotherhood of Indus. Wkrs., 288 F.2d 198 (2d Cir. 1961), the court noted that the district court lacked jurisdiction over the subject matter in an action for a preliminary injunction in a representation proceeding. However, two recognized exceptions were discussed. If a constitutional question is presented (e. g. denial of procedural due process citing Fay v. Douds, 172 F.2d 720 (2d Cir. 1949)), or the Board acts in direct and conceded violation of the statute, the district court may entertain the suit. Neither exception has yet been pronounced applicable in a requested review of the General Counsel's discretion in issuance of complaints on unfair labor practice charges. Furthermore, the factual situation at bar presents no issue under either exception.

Plaintiffs have asserted that Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) stands for the principle that a district court has jurisdiction to order the General Counsel to issue a complaint. However, as the court noted in American Metal Products Co. v. Reynolds, supra, Leedom held that a district court has jurisdiction to strike down an order of the Board in excess of its delegated powers and contrary to the specific prohibition of the N.L.R.A. As the court stated, "[I]t is recognized that the ruling in Leedom v. Kyne * * * is an exception to the general rule that the District Court has no jurisdiction to review or to enjoin orders or proceedings of the Board." 332 F.2d at 435. No claim is made here that the Board has contravened its delegated powers or acted contrary to the provisions of the Act.

■ Plaintiffs initially base their claim of jurisdiction on the general grant conferred by 28 U.S.C.A. § 1337. It is clear that general statutes do not confer jurisdiction where an applicable regula-

tory statute precludes it. See Schilling v. Rogers, 363 U.S. 666, 80 S.Ct. 1288, 4 L. Ed.2d 1478 (1960); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839 (1946). Congress clearly has the power, exercised in the instant situation, to provide the manner in which a remedy may be effectuated. Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738 (1940). The applicable statute (29 U.S.C.A. § 151 et seq.) forecloses the district court from the inquiry requested here.

■ The Administrative Procedure Act (5 U.S.C.A. § 1001 et seq.) is asserted as a base of jurisdiction for this action. But the provisions of Section 10 of that Act clearly prevent its use in the case at bar. It provides for judicial review of the determinations of agencies in general "[E]xcept so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion." 5 U.S.C.A. § 1009. Section 3(d) of the N.L.R.A. precludes judicial review of the General Counsel's refusal to issue a complaint, which refusal is within the discretion of the General Counsel.

■■ Plaintiffs also assert that the Federal Declaratory Judgment Act, 28 U.S.C.A. § 2201, confers jurisdiction on this court here. However, this Act does not grant jurisdiction on the district courts, but merely provides an additional remedy in cases where jurisdiction already exists. See Schilling v. Rogers, supra; Skelly Oil Co. v. Phillips Petroleum Co., supra; Lam Tat Sin v. Esperdy, 227 F.Supp. 482, 484 n. 1 (S.D.N.Y.), aff'd 334 F.2d 999 (2d Cir.), cert. denied 379 U.S. 901, 85 S.Ct. 190, 13 L.Ed.2d 176 (1964); Kaufman & Ruderman, Inc. v. Cohn & Rosenberger Inc., 86 F.Supp. 867 (S.D.N.Y.), aff'd 177 F.2d 849 (2d Cir. 1949). See also, Eastman Kodak Company v. Velveray Corp., 175 F.Supp. 646 (S.D.N.Y.1959); Moses v. Ammond, 162 F.Supp. 866 (S.D.N.Y.1958). It is

clear to this court that no independent ground exists for the assertion of jurisdiction here and this Act may not be used for the purpose asserted.

The motion to dismiss is granted.

So ordered.