· Genoveva R. SOSA et al., Plaintiffs-
Appellants,

v.

David FITE et al., Defendants-Appellees.

No. 72–1797

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1972.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

J. L. Covington, Brownsville, Tex., for plaintiffs-appellants.

Ralph L. Alexander, Edinburg, Tex., for Tropical.

Curtis Bonner, Harlingen, Tex., for Cabco. Inc.

Before BELL, DYER and CLARK, Circuit Judges.

CLARK, Circuit Judge:

Genoveva R. Sosa brought this action to rescind a consumer credit transaction in which she had transferred a security interest in her principal residence. She alleged that defendant had failed to make certain disclosures required by Title I of the Federal Consumer Credit Protection Act (Truth-in-Lending), 15 U.S.C.A. § 1601 *et seq.*, and contended that § 1635 [1] guaranteed her the right to rescind the transaction. The district court first concluded, citing § 1633 [2] that inasmuch as the State of Texas has disclosure requirements similar to those provided for in the Act, and provided adequate enforcement thereof, Sosa's transaction was exempted from coverage under the Act; it further concluded that, in any event, the federal court was without jurisdiction under the provisions of § 1640 [3] and consequently could

---

1. § 1635. Right of rescission as to certain transactions—Disclosure of obligor's right to rescind

(a) Except as otherwise provided in this section, in the case of any consumer credit transaction in which a security interest is retained or acquired in any real property which is used or is expected to be used as the residence of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the disclosures required under this section and all other material disclosures required under this part, whichever is later by notifying the creditor, in accordance with regulations of the Board of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, an adequate opportunity to the obligor to exercise his right to rescind any transaction subject to this section.

2. § 1633. Exemption for State-regulated transactions

The Board shall by regulation exempt from the requirements of this part any class of credit transactions within any State if it determines that under the law of that State that class of transactions is subject to requirements substantially similar to those imposed under this part, and that there is adequate provision for enforcement.

3. § 1640. Civil liability—Failure to disclose

(a) Except as otherwise provided in this section, any creditor who fails in connection with any consumer credit transaction to disclose to any person any information required under this part to be disclosed to that person is liable to that person in an amount equal to the sum of

(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and

(2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court.

\* \* \* \* \*

(e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

not entertain the claim. Being unable to agree with either of these conclusions, we reverse.

The Act does not leave it to the judiciary to determine whether any given state's transactions are exempted from the federal disclosure requirements. Under § 1633, such an exemption can be granted only by the Federal Reserve Board and then only after proper application has been made to and reviewed by that agency. *See* 12 C.F.R. § 226.12. No such action has been taken regarding any class of transactions in the State of Texas.

A more difficult issue, and one we need not reach, is that of whether the Act itself affords the federal court the authority to grant rescission. Though language in several recent cases [4] indicates that § 1640, the only explicit jurisdictional grant within the Act, empowers the court to vindicate at least all rights protected in the credit transaction portion of the Act, § 1635–44, we decline to follow these indications. Nor do we agree with the lower court that Sosa's jurisdictional claim must necessarily be grounded under the Act, if at all. Though it is true that general jurisdictional statutes do not confer jurisdiction where an applicable regulatory statute otherwise precludes it, Schilling v. Rogers, 363 U.S. 666, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960); Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); United Electrical Contractors Association v. Ordman, 258 F.Supp. 758 (S.D.N.Y.1965), there is nothing in §

1640(e) which indicates either that it was designed to bar access to other jurisdictional grants or to be the exclusive entree to federal judicial relief.

We therefore consider Sosa's invocation of jurisdiction under 28 U.S.C. A. § 1337, and find it to be well-taken. That section provides that the district courts shall have original jurisdiction of any civil action arising under any Act of Congress regulating commerce. This Act plainly qualifies as a jurisdictional base. It, like Title II of the same Act, was the result of an exercise of Congressional power under the Commerce Clause, *see* Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971), and was designed to enhance economic stabilization and strengthen competition among institutions and firms engaged in the extension of consumer credit. 15 U.S.C.A. § 1601. Further, there can be no question that the "arising under" tests are met. Sosa's claim is a direct assertion of a federal statutory right, and a construction of the statute and its accompanying regulations will have a direct bearing on recovery. Gomez v. Florida State Employment Service, 417 F.2d 569 (5th Cir. 1969).

Our decision in no wise passes on the merits of Sosa's claim, her motion for summary judgment, or the motions and contentions of certain would-be intervenors. We hold only that the court below had jurisdiction to hear Sosa's complaint, and we remand the case for further proceedings.[5]

Reversed and remanded.

---

4. Douglas v. Beneficial Finance Co. of Anchorage, 334 F.Supp. 1166 (D.Alaska 1971); Bernard v. Richter's Jewelry Co., 53 F.R.D. 606 (S.D.N.Y.1971); Wheeler v. Adams Co., 322 F.Supp. 645 (D.Md. 1971); *see also* Jordan v. Montgomery Ward & Co., 442 F.2d 78 (8th Cir. 1971).

5. We by no means derogate the Congressional intention that compliance with the

Act should be enforced by administrative agencies, and through regulations issued by the Board. 15 U.S.C.A. § 1607. However, it is not contended by defendant, nor does our research disclose, that any administrative procedure presently exists to guarantee enforcement of rescission rights. *See, e. g.,* 12 C.F.R. 226.9.