Charles **HAWKINS**, Petitioner-Appellant,
v.
**UNITED STATES of America,**
**Respondent-Appellee.**
No. 72–2669
**Summary Calendar.**[*]
United States Court of Appeals,
Fifth Circuit.
Oct. 5, 1972.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:
Affirmed.[1] See Local Rule 21.[2]

Lawrence **BATTE**, Plaintiff-Appellant,
v.
George **HARRIS** d/b/a George Harris Used Car Sales et al., Defendants-Appellees.
No. 72–1994.
United States Court of Appeals,
Fifth Circuit.
Sept. 19, 1972.
Rehearing and Rehearing En Banc Denied Nov. 8, 1972.

G. H. Carnes, Community Legal Services, Dorothy Graham, Barry H. Powell, Jackson, Miss., for plaintiff-appellant.

Edward J. Dailey, Chestnut Hill, Mass., for National Consumer Law Center, Inc., amicus curiae.

W. Thad Cochran, Jackson Miss., for George Harris and others.

Thomas I. Starling, Jr., Jackson, Miss., for Personal Fin. and Tower.

E. W. Montgomery, II, Jackson, Miss., for Gen. Accept.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:
The District Court's dismissal of this Truth in Lending Action, 15 U.S.C. § 1601 et seq., for want of jurisdiction is reversed and the cause remanded for further proceedings.[1] Sosa v. United States, 465 F.2d 1227 (5th Cir., 1972).

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

[*] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

[1] In his motion filed pursuant to 28 U.S.C. § 2255 the appellant contended that his conviction and sentence should be set aside because his guilty plea was entered without an understanding of the nature of the charge against him, and without an understanding of the consequences of the plea.

[2] See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

[1] It is appropriate to dispose of this case summarily. See Groendyke Transport, Inc. v. Davis, 5 Cir., 1969, 406 F.2d 1158.