**Stephen P. KUPIEC and John E. Cihocki, Plaintiffs,**

v.

**REPUBLIC FEDERAL SAVINGS & LOAN ASSOCIATION and Otto C. Martinek, Defendants.**

**No. 74 C 378.**

United States District Court, N. D. Illinois, E. D.

Oct. 3, 1974.

Gerald J. Muller, Judith S. Bernstein, and William J. McNally, Chicago, Ill., for plaintiffs.

Garvey & Novy, George A. Askounis, Chicago, Ill., for defendants.

## MEMORANDUM OPINION
## AND ORDER

BAUER, District Judge.

This cause comes before the Court on plaintiffs' motion for a summary judgment.

This action arises under the Savings and Loan Association Act, 12 U.S.C. § 1464. The matter in controvery exceeds the sum of $10,000 exclusive of interest and costs. Jurisdiction of this Court is allegedly invoked pursuant to 28 U.S.C. §§ 1331 and 1337.

This is an action seeking declaratory and injunctive relief based on defendants' alleged unlawful practices which have denied plaintiffs access to the membership list of defendant Savings and Loan Association.

Previously, on February 15, 1974, this Court issued a Memorandum Opinion and Order denying plaintiffs' motion for a preliminary injunction. Subsequently, plaintiffs have amended their complaint and they now seek an order to permit plaintiffs and a reasonable number of their agents to inspect and copy the list of all the present members of Republic Federal Savings and Loan Association entitled to vote at any special meeting which may be called and at the March, 1975 annual meeting.

Each of the plaintiffs is a member of the defendant Republic Federal Savings and Loan Association ("Republic Federal") by reason of being a holder of a savings account of Republic Federal. The plaintiffs are allegedly the holders of more than $10,000 of withdrawal value of savings accounts in Republic Federal.

The defendant, Republic Federal, is a federal savings and loan association organized and chartered under 12 U.S.C. § 1464 having its office in Chicago, Illinois.

It is well settled that a member of a federal savings and loan association who holds a savings account has a right to inspect or copy a list of membership in order to solicit their votes for election of directors. Murphy v. Colonial Federal Savings & Loan Association, 388 F.2d 609 (2nd Cir. 1967); Durnin v. Allentown Federal Savings & Loan Association, 218 F.Supp. 716 (E.D.Pa.1963); Ochs v. Washington Heights Federal Savings & Loan Association, 17 N.Y.2d 82, 268 N.Y.S.2d 294, 215 N.E.2d 458, (1966). In their original complaint the plaintiffs requested that they be provided with a list of the members who are entitled to vote by Republic Federal. The amended complaint merely requests that they be given the right to inspect and copy the membership list.

In opposition, defendants contend that "Since the promulgation of regulation 544.6(g) by the Federal Home Loan Bank Board and its adoption by Republic Federal Savings and Loan Association preempts and supercedes all other means of communication between members, it necessarily renders moot any question of whether the plaintiffs possess an alleged federal common law right to inspect and copy the membership list. By seeking, in their second amended complaint, to inspect and copy the membership list for the purpose of making personal contact with other members, the plaintiffs have not sought relief consistent with the provision of bylaw (g) and therefore said complaint should be dismissed for failure to state a claim upon which relief can be granted."

The Court is unaware of any authority which states that the Federal Home Loan Bank Board's Regulation 544.6(g) preempts the federal common law. If the Federal Home Loan Bank Board had wished to suggest that its new form bylaw provided the exclusive rights to members wishing to communicate with other members, when these rights were quite different and far narrower than the right of a "reasonable opportunity to ascertain the names and addresses of electors known to the management," as described in *Murphy*, 388 F.2d at 612, it simply would have stated so.

Plaintiffs have investigated the possibility of complying with bylaw (g) and have found that said compliance would be too costly and would not effectively convey their position to their fellow members. Even assuming that the cost of a mailing was reasonable, plaintiffs' message cannot be as effectively conveyed in writing as it could be in face to face conversations. Bylaw (g) should not be construed as to abrogate plaintiffs' rights to communicate with other members of the savings and loan institution.

■ Plaintiffs, Stephen P. Kupiec and John E. Cihocki, intend to nominate a member of Republic Federal for the post of Director, at future annual meetings of the association and to solicit votes for that nominee before these meetings. Any effort to nominate and elect a Director would be severely impeded should they be denied an opportunity to copy the names and addresses of members of the association who would be entitled to vote for the office of Director at the meetings.

The New York Court of Appeals, in Ochs v. Washington Heights Federal Savings and Loan Association, *supra,* stated unequivocably that:

"Without the right to inspect merely the membership list of the association, how can a member in good standing, motivated by the utmost of good intentions, effectively exercise his statutory right to partake in the management of the association, to vote in a most prudent manner, to effectuate his right to have his candidate for a directorship elected by proxy, and to at least apprise his fellow members of circumstances which in his opinion are crucial to their voting prudently and wisely? Without this common-law right his statutory rights under the charter of the association are indeed 'idle gestures.'"

Also, in Murphy v. Colonial Federal Savings and Loan Association, *supra,* Judge Friendly found that, as a practical matter, the question was free from doubt:

"[T]he district court was plainly right in holding that an election of directors in which the opposition is deprived of any reasonable opportunity to ascertain the names and addresses of electors known to the management was unfair under federal law . . . " 388 F.2d at 612.

■ The defendants have also challenged the jurisdiction of the Court which is invoked under § 1331(a) and § 1337 of Title 28 of the United States Code. Section 1337 provides:

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

However, a number of federal statutes recently have been held to be acts regulating commerce for the purposes of § 1337 jurisdiction. See Federal Consumer Credit Act, Sosa v. Fite, 465 F.2d 1227 (5th Cir. 1972); National Housing Act, Davis v. Romney, 355 F.Supp. 29 (E.D.Pa.1973); Food Stamp Act, Moreno v. United States, 345 F.Supp. 310 (D.D.C.1972); National School Lunch Act, Marquez v. Harden, 339 F.Supp. 1364 (N.D.Cal.1969); Federal Communications Act, Post v. Payton, 323 F.Supp. 799 (E.D.N.Y.1971); and the National Traffic and Motor Vehicle Safety Act, Chrysler Corp. v. Malloy, 294 F.Supp. 524 (D.Vt.1968). In addition, the Second, Eighth and Fifth Circuits have all applied the *Murphy* precedent in finding § 1337 jurisdiction in suits brought under the National Banking Act. Cupo v. Community National Bank and Trust Company, 438 F.2d 108 (2nd 1971); Burns v. American National Bank, 479 F.2d 26 (8th Cir. 1973); Partain v. First National Bank of Montgomery, 467 F.2d 167 (5th Cir. 1972).

The Court is aware of the potential for abuse in allowing the list to be

copied. Consequently, defendants may move for a limited protective order if the confidential list is used for an improper purpose. But the mere solicitation of a member's vote should be permitted.

Accordingly, it is hereby ordered that plaintiffs' motion for summary judgment is granted and defendants' motion to dismiss the amended complaint is denied.