**AUTOMOBILE TRANSPORT CHAUFFEURS, DEMONSTRATORS & HELPERS LOCAL UNION NO. 604, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, an unincorporated voluntary association**

v.

**Joseph H. SOLIEN, Regional Director of the Fourteenth Region of the National Labor Relations Board, For and on Behalf of the NATIONAL LABOR RELATIONS BOARD.**

Civ. A. No. 70 C 600(3).

United States District Court,
E. D. Missouri, E. D.

Dec. 7, 1970.

S. Sheldon Weinhaus, Levin & Weinhaus, St. Louis, Mo., for plaintiff.

Gerald Fleischut, Regional Atty., 14th Region, N.L.R.B., St. Louis, Mo., Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., for defendant.

## MEMORANDUM OPINION

REGAN, District Judge.

 On November 27, 1970, Plaintiff filed a Petition for Equitable Relief and the Court issued an Order to Defendant to Show Cause why the relief prayed for by Plaintiff should not be granted. Thereafter the Defendant filed a Notice of Motion to Vacate Order to Show Cause and to Dismiss Petition for Equitable Relief which the Court and all parties treated as a motion to dismiss. Defendant filed a brief in support of its motion and both Plaintiff and Defendant orally argued the issues raised by Defendant's motion. The Court finds that the Plaintiff's petition in effect seeks a Court review of the Defendant's refusal to issue a complaint upon either a charge filed by the Plaintiff or a charge filed by a private individual who is a member of the Plaintiff's organization. The Court does not have jurisdiction over the refusal of the Defendant as an agent of the General Counsel of the National Labor Relations Board to issue a complaint. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842; Anthony v. N.L.R.B., 204 F.2d 832 (C.A. 6, 1952). The Plaintiff's petition also asked for an order of the Court to prohibit the Defendant from conducting an election among certain employees to determine if they desire representation by a labor organization. The Supreme Court, in Leedom v. Kyne, 358 U.S. 184, 189, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), held that a District Court is authorized to review a representation order of the National Labor Relations Board if the order is in excess of the Board's delegated powers and contrary to a specific prohibition of the Act. Later, in Boire v. Greyhound Corp., 376 U.S. 473, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964), the Supreme Court held that the rule of Leedom v. Kyne, *supra,* was to be strictly followed and that no broader review of the National Labor Relations Board's representation order by United States District Courts is to be permitted. In this case, the Plaintiff's petition does not allege that the Defendant acted in excess of the powers delegated to the Board or contrary to specific prohibitions of the National Labor Relations Act. In these circumstances, this Court is without jurisdiction to enjoin the Defendant from conducting the election in accordance with the prayer of the Plaintiff. Therefore, the Order to Show Cause heretofore issued on November 27, 1970, should be vacated and Plaintiff's Petition for Equitable Relief should be dismissed. A judgment in accordance herewith will be entered.